IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 30, 2010

## AUTHOR RAY TURNER v. DAVID MILLS, WARDEN and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Morgan County**
**No. 9422      E. Eugene Eblen, Judge**

**No. E2009-00194-CCA-R3-HC - Filed May 13, 2010**

The petitioner, Author Ray Turner, claims that the habeas corpus court erred in summarily dismissing his petition for writ for habeas corpus relief. The petition claims that his sentence is illegal because his release eligibility of 30 percent violates statutory law requiring that he served 100 percent of his sentence as a "multiple rapist." *See* T.C.A. § 39-13-523 (Supp. 1994). We agree that the defendant's aggravated rape sentences are illegal and that the habeas corpus court erred in summarily dismissing his claim. We remand to the Morgan County Circuit Court for appointment of counsel and a hearing to determine the proper remedy.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Author Ray Turner, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In November 1995, the petitioner pleaded guilty pursuant to an agreement to one count of especially aggravated kidnapping, one count of aggravated robbery, and two counts of aggravated rape. The trial court sentenced him to 20 years' incarceration for each aggravated rape conviction, 20 years' incarceration for his especially aggravated kidnapping conviction, and 10 years' incarceration for his aggravated robbery conviction. The trial court

ordered the petitioner's kidnapping and robbery convictions be served concurrently to each other and that the rape sentences be served concurrently to each other. The court ordered that 20-year sentence imposed for especially aggravated kidnapping and aggravated robbery be served consecutively to the 20-year sentence imposed for the aggravated rapes for an effective 40 years' incarceration.

The petitioner filed a series of unsuccessful post-conviction petitions as well as an untimely petition for writ of habeas corpus in federal court and an unsuccessful petition for writ of habeas corpus in the Circuit Court for Hardeman County. The petitioner's previous state habeas corpus claim "alleg[ed] that he received an illegal sentence because he was sentenced beyond the presumptive minimum sentence on each of his convictions to which he pled guilty in violation of his Sixth Amendment right to a jury trial as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004) and its progeny." *See Author Ray Turner v. Stephen Dotson, Warden*, No. W2008-00011-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Jackson, July 1, 2008). This court upheld the habeas corpus court's denial of the petitioner's writ. *Id.*, slip op. at 3.

In the instant case, the petitioner again challenges the legality of his sentence. He argues that his sentences and corresponding judgments, which reflect a 30 percent release eligibility for each conviction, directly contradict the statutory mandate of Tennessee Code Annotated section 39-13-523 that any offender convicted of two counts of aggravated rape "shall be required to serve the entire sentence imposed by the court." T.C.A. § 39-13-523(a)(2), (b) (Supp. 1994). The petitioner filed a petition for a writ of habeas corpus on December 9, 2008, and the habeas corpus court dismissed the petition on January 20, 2009, ruling that the petitioner failed to make a cognizable claim for relief. The petitioner filed a timely notice of appeal and asserts that the habeas corpus court erred in denying him a full hearing and the appointment of counsel.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. I, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in [section] 29-21-102, may prosecute a writ

of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the actus reus, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

Our review of the record shows that the petitioner was originally charged with one count of especially aggravated kidnapping, one count of aggravated robbery, four counts of aggravated rape, and one count of attempted aggravated rape. He pleaded guilty on November 15, 1995, to the especially aggravated kidnapping count, the aggravated robbery count, and two aggravated rape counts pursuant to a plea agreement. The written agreement reflected that the petitioner agreed to serve a "[t]otal effective sentence of 40 y[ears], Range I." The plea hearing transcript reveals that the trial court ordered, pursuant to the plea agreement, "a total effective sentence of . . . forty years as a range one offender with thirty percent for all purposes." The judgment forms for both counts of aggravated rape reflect that the petitioner was classified as a Range I offender with 30 percent release eligibility and not a multiple rapist.

First, we acknowledge that the defendant's sentences for aggravated rape are illegal on the face of the judgments. Our state's multiple rapist statute requires that a defendant who qualifies as a multiple rapist serve 100 percent of his sentence. *See* T.C.A. § 39-13-523.[1] The statute defines a multiple rapist as an offender convicted two or more times of rape or aggravated rape. *See id.* This court has noted that qualifying convictions "render[] [a petitioner] '"a multiple rapist" as a matter of law,' and neither the prosecutor nor the judge c[an] deviate from the release eligibility requirement." *Andre Lamont Mayfield v.*

---

[1]Because the offenses occurred prior to the effective date of Code section 40-35-501(i)(2), 100 percent service of the especially aggravated kidnapping sentence was not required.

*State*, No. M2004-01408-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Nashville, July 18, 2005) (quoting *Mark A. Percy v. Tenn. Dep't of Corr.*, No. M2001-01629-COA-R3-CV, slip op. at 2 (Tenn. Ct. App., Nashville, Feb. 26, 2003)). Our supreme court has held that a judgment allotting for sentencing credits contrary to the 100 percent service mandates of Code section 39-13-523 was "void upon its face." *Smith v. Lewis*, 202 S.W.3d 124, 128 (Tenn. 2006).

The State argues that the petitioner's sentences are at most voidable and not void. The State's brief argues that a "guilty plea waives any irregularities as to offender classification or release eligibility." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Although the State's proposition of law is correct, we distinguish *Hoover* from the instant case. In *Hoover*, the petitioner accepted a plea agreement as a Range I offender and a sentence that exceeded the maximum penalty prescribed for a Range I offender. *Id.* at 777. "Hoover argued that the sentence is illegal because it exceeds the maximum twenty-five-year sentence statutorily authorized for a Range I offender convicted of second degree murder." *Id.* at 777-778 (citing T.C.A. § 40-35-112(a)(1) (2006)). Our supreme court held that "[w]hile Hoover's plea-bargained thirty-five-year sentence is outside the parameters of Range I offenders, the plea-bargained sentence is well within the overall punishment range authorized for Class A felony offenses, such as second degree murder." *Id.* at 779. Although the court noted that "offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations," *id.* at 780, it cautioned that "the State may not confer through plea negotiations release eligibility for criminal offenses that are statutorily ineligible for early release," *id.* at 780 n.4 (citing *Smith*, 202 S.W.3d at 128). Thus, our supreme court has explicitly distinguished cases involving the flexibility of offender status and release eligibility in plea bargaining from cases, such as the present case, where a statute specifically prohibits early release of an offender.

Our determination that the petitioner's aggravated rape sentences are illegal and void does not, however, end our inquiry. "[W]hen a petitioner attaches to his petition documentation from the record showing that his sentence is indeed illegal, the trial court must appoint counsel and hold a hearing to determine the scope of the remedy available to the petitioner." *Summers v. Fortner*, 267 S.W.3d 1, 6 (Tenn. Crim. App. 2008). Because the habeas corpus court afforded no hearing or counsel to the petitioner, we must remand. In *Summers*, this court provided a procedural guideline for the habeas corpus court on remand:

> At such a hearing, the issue would be whether the illegal sentence was a material element of a plea agreement with the State, and the proof would be limited to the face of the record of the underlying proceedings. If the record establishes that the illegal sentence was not a bargained-for element of the plea

agreement, then . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence. If the record establishes that the illegal sentence was a material part of a package deal, then the petitioner is entitled to withdraw his plea if he cannot reach an agreement with the State. *See McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000) (holding that withdrawal of the guilty plea is unnecessary when the parties agree to replace an illegal sentence with a legal one).

*Id.* at 6-7. We note that, from our review of the record, all relevant transcripts are attached; however, we do not serve as a fact-finding court and must remand to the habeas corpus court for determination of whether the original 30 percent release eligibility was a material bargained-for element of the petitioner's plea agreement.

*Conclusion*

Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for writ of habeas corpus is reversed, and the case is remanded to that court for the appointment of counsel and an evidentiary hearing to determine whether the petitioner is entitled to withdraw his guilty plea.

_____
JAMES CURWOOD WITT, JR., JUDGE