IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 25, 2009 Session

**TRACY LYNN HARRIS v. JIM WORTHINGTON, WARDEN**

**Appeal from the Criminal Court for Morgan County**
**No. 9240     E. Eugene Eblen, Judge**

_____

**No. E2008-02363-CCA-R3-HC - Filed June 29, 2010**
_____

The Petitioner, Tracy Lynn Harris, appeals as of right from the Morgan County Criminal Court's denial of his petition for habeas corpus relief. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Criminal Court
is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined. JOSEPH M. TIPTON, P.J., filed a separate concurring opinion.

Robert L. Vogel, attorney for appellant, Tracy Lynn Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, attorneys for appellee, State of Tennessee.

**OPINION**

The record reflects that the Petitioner's convictions concern the October 30, 1998 death of Madelyn Ruth Bomar. In January 2000, the Petitioner was indicted for premeditated first degree murder, first degree felony murder, especially aggravated burglary, and aggravated rape. Pursuant to a plea agreement, the State dismissed the premeditated murder and especially aggravated burglary counts and the Petitioner pled guilty to felony murder and aggravated rape. The judgments correctly reflect the terms of the agreement that the Petitioner would serve a sentence of life without the possibility of parole for the felony murder conviction concurrently with a twenty-year sentence at one hundred percent for the aggravated rape conviction. However, the judgment for aggravated rape does not include the

condition of community supervision for life as mandated by Tennessee Code Annotated section 39-13-524.

On July 13, 2006, the Petitioner filed a petition for habeas corpus relief alleging that the aggravated rape judgment is void because the trial court failed to impose as a condition of his aggravated rape sentence community supervision for life. The habeas corpus court appointed counsel and held an evidentiary hearing. See Summers v. Fortner, 267 S.W.3d 1, 6 (Tenn. Crim. App. 2008) ("when a petitioner attaches to his petition documentation from the record showing that his sentence is indeed illegal, the trial court must appoint counsel and hold a hearing to determine the scope of the remedy available to the petitioner"). Following the hearing, the habeas corpus court denied habeas corpus relief but remanded the aggravated rape case to the trial court for the entry of a corrected judgment to include the community supervision for life requirement. See Smith v. Lewis, 202 S.W.3d 124 (Tenn. 2006) (unless illegality is proven to be a bargained-for element of the plea agreement, proper remedy is remand to the convicting court for correction of judgment). On appeal, the Petitioner contends that the habeas corpus court erroneously denied his petition for habeas corpus relief because the community supervision condition was a material element of his plea bargain and he should be allowed to withdraw his guilty pleas. The State argues that the Petitioner failed to show the community supervision condition was a material element of the plea agreement; therefore, the Petitioner is only entitled to the entry of a corrected judgment on the aggravated rape conviction. Following our review, we agree with the State.

ANALYSIS

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Relevant to our analysis is Smith v. Lewis, 202 S.W.3d 124 (Tenn. 2006), wherein our supreme court held that when a judgment imposed pursuant to a negotiated plea agreement contains an illegal element, the Petitioner must show that the illegality was a bargained-for element of the plea agreement in order to set aside the conviction. Conversely, if the illegality is not proven to be a bargained-for element, then only the sentence is void and the habeas corpus court should remand the case to the convicting court for correction of judgment. Id. at 128-129; but see McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001) (where defendant bargains for and receives an illegal sentence, the result on habeas corpus review is an option to resentence or to withdraw the guilty plea and recommence prosecution). Thus, unless the Petitioner can prove that his guilty pleas and resulting convictions are "infected with the illegality" caused by the absence of the community supervision condition on the aggravated rape judgment, the only relief available is the correction of judgment upon remand to the convicting court. Smith, 202 S.W.3d at 129.

At the evidentiary hearing, the State conceded that the aggravated rape judgment was void on its face because the trial court failed to impose community supervision for life as a condition of release upon service of the sentence. However, the State argued that unless the Petitioner could prove that the condition was a material element of the plea bargain, the only appropriate relief would be correction of the judgment by the trial court. The Petitioner testified that there was no discussion regarding the community supervision for life condition during plea negotiations. The plea acceptance form does not include any reference to community supervision.

Our review of the record further reveals that the Petitioner was warned by counsel that if he were successful in obtaining a withdrawal of the plea agreement, he could potentially face the death penalty for the felony murder charge. The plea acceptance form also confirms that the possible sentence the Petitioner faced for the felony murder charge included the death penalty. The record indicates that the plea negotiations focused appropriately upon the Petitioner's avoidance of the death penalty and convictions for the additional offenses that were dismissed, rather than the conditions of release from the aggravated rape sentence. Furthermore, given that the sentence for the aggravated rape was ordered to be served concurrently with the life without parole sentence, we deem the Petitioner's argument that the community supervision for life condition was a bargained-for element of the plea agreement quite disingenuous. These considerations coupled with the Petitioner's testimony at the evidentiary hearing that there was no discussion of the community supervision condition during plea negotiations lead us to conclude that neither the presence nor the absence of the community supervision condition was a bargained-for element of this plea agreement. Accordingly, the habeas corpus court correctly denied relief and remanded the aggravated rape case to the trial court for correction of the judgment to include community supervision for life.

CONCLUSION

In consideration of the foregoing, the judgment of the habeas corpus court is affirmed in all respects.

_____
D. KELLY THOMAS, JR., JUDGE