IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2009

**JOEY D. HERRELL v. HOWARD CARLTON, WARDEN**

**Direct Appeal from the Circuit Court for Johnson County**
**No. 5157     Robert E. Cupp, Judge**

_____

**No. E2009-01162-CCA-R3-HC - Filed June 30, 2010**

_____

The petitioner, Joey D. Herrell, appeals the trial court's dismissal of his application for his petition for the writ of habeas corpus. In six separate cases, the petitioner pled guilty to the following: theft of property under $500, aggravated robbery, aggravated burglary, especially aggravated robbery, three counts of attempted aggravated burglary, theft of property over $1000, and evading arrest. The offenses in four of the cases were committed while the petitioner was released on bond from the remaining two cases. All pleas were entered on the same day, and the trial court imposed concurrent sentencing, which resulted in the petitioner receiving an effective sentence of twenty years. He has filed the instant habeas corpus petition alleging that the imposition of concurrent sentencing resulted in illegal sentences because they were imposed in direct contravention of a statute, as he had been released on bond at the time some of the offenses were committed. The habeas corpus court and the State agreed that the sentences were illegal, and the court found that the illegal portion of the sentences was not "a material element" of the petitioner's guilty plea agreement and that, therefore, he was not entitled to withdraw the plea. Rather, the court remanded the case to the trial court for imposition of consecutive sentencing. On appeal, the petitioner disagrees and asserts that he should be allowed to withdraw the plea. Following review of the record, we agree with the petitioner, reverse the decision of the habeas court, and remand with instruction to conduct a hearing to determine whether the illegal sentences were a material, bargained-for element of the plea agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. JOSEPH M. TIPTON, P..J., filed a separate concurring opinion.

Joey D. Herrell, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On January 8, 2003, the petitioner entered guilty pleas in six separate cases to the following offenses:

> Case No. 27692- theft of property under $500, a Class A misdemeanor;
> Case No. 27693- aggravated robbery, a Class B felony;
> Case No. 27694- aggravated burglary, a Class C felony, and especially aggravated robbery, a Class A felony;
> Case No. 28054- attempted aggravated burglary, a Class D felony;
> Case No. 27246- theft of property over $1000, a Class D felony, and attempted aggravated burglary, a Class D felony;
> Case No. 27514- attempted aggravated burglary, a Class D felony, and evading arrest, a Class A misdemeanor.

The offenses in case numbers 27246 and 27514 were committed in August and September of 2001, and the petitioner was released on bond following his arrest in those cases. The offenses in the remaining four cases were committed in May of 2002, while the petitioner remained released on bond in the previous cases. Nonetheless, the trial court imposed concurrent sentencing in all cases, resulting in the petitioner receiving an effective sentence of twenty years, the sentence imposed for the especially aggravated robbery conviction, to be served in the Department of Correction.

In 2007, the petitioner filed a petition for writ of habeas corpus asserting that his judgments of conviction were void because he was on bond at the time the offenses were committed and, thus, consecutive sentencing was mandated. Accordingly, he contended that he was entitled to withdraw the guilty pleas. The State filed a motion to dismiss upon grounds that the petitioner had failed to comply with the procedural requirements set forth by the habeas corpus statutes. The habeas corpus court denied the State's motion and ordered that it respond to the merits of the petition rather than relying upon procedural defaults. The State subsequently filed an amended motion to dismiss within which it addressed the merits of the claim, specifically asserting that while concurrent sentencing was inappropriately applied, it was not a material element of the plea agreement. As such, the State argued that

-2-

the petitioner was not entitled to withdraw his pleas. The habeas corpus court agreed and granted the State's motion to dismiss, entering an order remanding the case to the trial court for imposition of consecutive sentencing. The petitioner timely appealed.

**Analysis**

On appeal, the petitioner contends that the habeas corpus court erred in the remedy that it applied upon finding that the sentences imposed in his case were illegal. As noted, he contends on appeal that the proper habeas corpus relief in this case was to allow his guilty pleas to be withdrawn, as he has shown that the illegal portion of his sentences was a material element of the plea agreement.

Initially, we note, and the State does not dispute, that the petitioner has established that the concurrent sentences imposed by his plea agreement are illegal because he has introduced into the record documentation which establishes that he was, in fact, on bond when he committed the offenses in case numbers 27692, 27693, 27694, and 28054. Specifically, he attached copies of the judgments of conviction indicating in the margins that he was released on bond. These sentences were imposed in direct contravention of Tennessee Code Annotated section 40-2-111(b) (2006) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which mandates that the trial court does not have the discretion to impose concurrent sentencing if a defendant commits a felony while released on bail and is convicted of both offenses. Although conceding that the petitioner has established the illegality of his sentences, the State maintains that the habeas corpus court afforded the correct remedy because the petitioner has failed to establish that the illegal portion of his sentences was a material, bargained-for element of his plea agreement.

In our review of a petition for habeas corpus relief, it is firmly established that whether to grant the petition is a question of law that we review *de novo* with no presumption of correctness. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

As noted, the petitioner has established that the concurrent sentences were imposed in direct contravention of a statute of this state. Specifically, Tennessee Code Annotated section 40-20-111(b) provides:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences will run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

"A sentence imposed in direct contravention of a statute is void and illegal." *Summers v. State,* 212 S.W.3d 251, 256 (Tenn. 2007). Thus, we must agree with the petitioner that his sentences are void and illegal. As a general rule, when a plea agreement includes an illegal sentence, a petitioner is entitled to withdraw the guilty plea. *Id.* at 258 (citing *McLaney v. Bell,* 59 S.W.3d 90, 94-95 (Tenn. 2001)). The "general rule is not without exceptions, however." *Id.* Our supreme court in *Smith v. Lewis,* 202 S.W.3d 124 (Tenn. 2006), determined that despite an illegal sentencing component contained in the plea agreement, the "conviction remained intact because the record of the underlying proceedings did not demonstrate on its face that the illegal provision of early release eligibility was a bargained-for element of [the] plea." *Id.* While we agree with the State's assertion that *Smith* stands for the proposition that a petitioner may not withdraw a guilty plea if the illegal sentence was not a material, bargained-for element of the agreement, we must also note that, in *Summers,* our supreme court noted that *Smith* represented "a narrow exception to the general rule" and reiterated that the holding was limited to the unique facts of the case. *Summers,* 212 S.W.3d at 258.

In his *pro se* brief on appeal, the petitioner makes the assertion that the concurrent sentences were, in fact, a material, bargained-for element. However, as noted, the State argues, and the habeas corpus court found, that the petitioner in this case has failed to demonstrate in his petition that it was, in fact, a material element. We would agree with both the State and the habeas corpus court that the petitioner failed to establish the materiality in his petition. However, we also note that it appears that the only documentation under

-4-

consideration in making the determination was the petition itself and the State's motion to dismiss; there are no plea documents or transcripts contained in the record or referenced in the habeas corpus court's order dismissing the petition.

Based upon the above, the actual issue before this court is whether the petitioner must establish in his petition for relief that the illegal sentences were a material, bargained-for element of the agreement. This issue has recently been addressed and thoroughly discussed by a panel of this court in *Summers v. Fortner*, 267 S.W.3d 1 (Tenn. Crim. App. 2008) ("*Summers II*"). In *Summers II*, this court concluded that *Summers* not only clarified the threshold procedural requirements of the habeas corpus statute, but, further, separated "the issue of the proper procedure for presenting an illegal sentence claim from the remedy." *Id.* at 6. It was specifically noted that the *Summers* holding "did not establish a requirement that a habeas corpus petitioner must show entitlement to withdrawal of a guilty plea through documents attached to his petition." *Id.* The court continued:

> The result is that when a petitioner attaches to his petition documentation from the record showing that his sentence is indeed illegal, the trial court must appoint counsel and hold a hearing to determine the scope of the remedy available to the petitioner. *See Brian Roberson v. Howard Carlton, Warden*, No. E2006-01551-CCA-R3-HC . . . (Tenn. Crim. App., Knoxville, July 12, 2007) (remanding for the appointment of counsel and an evidentiary hearing where the petitioner showed through documents from the record that his sentence was illegal). At such hearing, the issue would be whether the illegal sentence was a material element of a plea agreement with the State, and the proof would be limited to the face of the record of the underlying proceedings. If the record establishes that the illegal sentence was not a bargained-for element of the plea agreement, then, as in *Smith*, the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence. If the record establishes that the illegal sentence was a material part of a package deal, then the petitioner is entitled to withdraw his plea if he cannot reach an agreement with the State. *See McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000) (holding that withdrawal of the guilty plea is unnecessary when the parties agree to replace an illegal sentence with a legal one).

*Summers*, 267 S.W.3d at 6-7. Thus, in the instant case, just as in *Summers II*, the petitioner is entitled to some habeas corpus relief because he established the illegality of his sentences, and the only question is what relief is appropriate, *i.e.*, withdrawal of the plea or correction of the sentence. As previously noted, the habeas corpus court made a finding with regard to materiality solely from the petitioner's petition for the writ of habeas corpus. However, *Summers II* is clear that it should not have been summarily dismissed despite the failure to

document entitlement to withdrawal of the guilty plea in the petition itself. Rather than summary dismissal, the habeas corpus court should have appointed counsel and held an evidentiary hearing to determine whether the illegal sentence was a material element of the plea agreement.

With regard to the issue of materiality, the *Summers II* court noted that the voluntariness of the guilty plea is not an issue in a habeas corpus proceeding. Rather, "[t]o be noticed and adjudicated in a habeas corpus proceeding, the incorporation of the illegal sentence as a material element in a broad plea agreement must appear on the face of the record of the conviction." *Id*. at 7. The court went on to state that a "petitioner's subjective expectations are irrelevant," and further emphasized that "the proof is strictly limited to the face of the judgment *and the record of the underlying proceedings*." *Id*. (emphasis added). While we would agree with the habeas corpus court that the judgments themselves do not evince such materiality, the underlying plea documents or the guilty plea proceedings do not appear to have been considered. *See Smith*, 202 S.W.3d at 128-29 (looking to both the plea document and the transcript of the plea submission hearing to determine that the befouled provision was not prominent in the overall agreement); *Michael David Russell v. Virginia Lewis, Warden*, No. E2005-02644-CCA-R3-HC (Tenn. Crim. App. at Knoxville, Jul. 26, 2007) (making a determination that the illegal portion of the sentence was not a material, bargained-for element of the agreement from only the plea document because the petitioner failed to attach a transcript of the plea submission hearing to the habeas corpus petition). In making such determination, the court should note that "materiality exists when 'there is a reasonable probability' of a change in the outcome of the proceeding." *Summers II*, No. M2007-01596-CCA-R3-HC

Thus, we remand the case for an evidentiary hearing to determine whether the illegal sentence was a material, bargained-for element of the plea agreement. As noted, only if it is established that it was, will the petitioner be entitled to withdraw the plea.

## CONCLUSION

Based upon the foregoing, the case is remanded to the habeas corpus court for an evidentiary hearing with regard to the element of materiality.

_____
JOHN EVERETT WILLIAMS, JUDGE