IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

## CHARLES G. SUMMERS v. JAMES FORTNER, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 07-5020C     Timothy Easter, Judge**

_____

**No. M2007-01596-CCA-R3-HC  - Filed February 6, 2008**

_____

The petitioner, Charles G. Summers, appeals the summary dismissal of his petition for writ of habeas corpus.  He contends that his sentence is illegal and that his judgment is, therefore, void.  The petitioner has established that his sentence for escape was imposed in direct contravention of a statute, and is, therefore, illegal and void.  Because the petitioner has made a threshold showing that he is entitled to habeas corpus relief, the judgment of the habeas corpus court is reversed, and the case is remanded for the appointment of counsel and an evidentiary hearing to determine the scope of the remedy available to the petitioner.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Charles G. Summers, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The procedural history of the petitioner's case was recounted by our supreme court in a recent opinion:

> The petitioner, Charles G. Summers, was charged in the Giles County Circuit Court with first degree murder, aggravated arson, sale of cocaine, and felony escape.  On October 25, 1991, judgments were entered on all four charges.  On the first degree murder charge, Summers pleaded nolo contendere to the amended charge of voluntary manslaughter and received a six-year sentence.  Summers pleaded guilty to the charges of aggravated arson and the

sale of cocaine, and the trial court imposed sentences of twenty-three years and eleven years, respectively. Finally, Summers pleaded guilty to the amended charge of misdemeanor escape, for which he received a sentence of eleven months and twenty-nine days. The three felony sentences were ordered to run consecutively to each other for an effective sentence of forty years. The misdemeanor escape sentence was ordered to run concurrently with the felony sentences.

Almost thirteen years later, on September 24, 2004, Summers filed a pro se habeas corpus petition in the Hickman County Circuit Court, alleging that he was being held for the other charges when he escaped and that the trial court therefore lacked jurisdiction to order the escape sentence to be served concurrently with the other sentences. Summers attached all four Giles County judgments to his habeas corpus petition, but he did not include any part of the record of the proceedings upon which the judgments were rendered. No offense date is indicated on any of the four judgments. The trial court dismissed Summers' habeas corpus petition without appointing counsel or holding a hearing.

The Court of Criminal Appeals reversed the summary dismissal and remanded the case to the Hickman County Circuit Court for the appointment of counsel if Summers was indigent and for a determination of whether Summers was being held for the other charges when he escaped.

*Summers v. State*, 212 S.W.3d 251, 254-55 (Tenn. 2007). Finding that "the escape judgment is facially valid and Summers failed to support his factual assertions with pertinent documents from the record of the underlying proceedings," the supreme court reversed the court of criminal appeals and affirmed the summary dismissal of the petition. *Id.* at 262. The court specifically found that because "the judgment is silent as to whether Summers committed the escape while being held for the other charges," no sentencing illegality was apparent from the face of the portion of the record attached to the petition. *Id.*

After the supreme court's ruling, the petitioner filed another petition for writ of habeas corpus. This time, in addition to attaching the pertinent judgment forms, the petitioner attached the indictment for felony escape which states that the petitioner "did unlawfully escape from Giles County Jail located in Giles County, Tennessee, having been held there due to a charge of First Degree Murder and Aggravated Arson." The State filed a motion to dismiss the petition, alleging that although the petitioner had established that his sentence was illegal, he was not entitled to habeas corpus relief because he had failed to establish that the illegal sentence was "a material element of his plea agreement." The trial court granted the State's motion and summarily dismissed the petition.

-2-

In this appeal, the petitioner asserts that his sentence for escape is illegal because it was ordered to be served concurrently to his sentences for voluntary manslaughter and aggravated arson in direct contravention of Tennessee Code Annotated section 39-16-605(c) and Tennessee Rule of Criminal Procedure 32(c)(3)(B). The State concedes that the documentation provided by the petitioner supports "the petitioner's assertion that he committed the escape while being held on the other charges to which he pled" but contends that he is still not entitled to habeas corpus relief because he has failed "to address the determinative issue" whether the illegal sentence was a material, bargained-for element of his plea agreement.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Henderson*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

Tennessee Code Annotated section 39-16-605(c) provides that "[a]ny sentence received for [escape] shall be ordered to be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of the escape." T.C.A. § 39-16-605(c) (2006). Similarly, Tennessee Rule of Criminal Procedure 32 provides that when a defendant has multiple sentences and "the law requires consecutive sentences, the sentence

shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply . . . to a sentence for escape or for a felony committed while on escape." Tenn. R. Crim. P. 32(c)(3)(B).

Here, the petitioner has shown through his petition attachments that his sentence for escape was imposed concurrently to his sentences for voluntary manslaughter and aggravated arson in direct contravention of these provisions. "A sentence imposed in direct contravention of a statute is void and illegal." *Summers*, 212 S.W.3d at 256 (citing *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000)). Clearly, the defendant's *sentence* is void and illegal. The fact that the petitioner has not shown by documents attached to his petition that the illegal sentence was a material, bargained-for element of his plea agreement, *see Summers*, 212 S.W.3d at 259 ("[T]he determinative issue [of remedy] is whether the plea agreement includes an illegal sentence as a material element."), does not alter the fact that, based upon *Stephenson*, he is entitled to some remedy in the form of habeas corpus relief. Thus, the question we must answer is whether entitlement to the withdrawal of the guilty plea must be documented in the habeas corpus petition or is merely a question of the remedy available to the petitioner. Under the former postulation, the petitioner would not be entitled to withdraw his guilty plea because he failed to attach those portions of the record that demonstrate that the illegal sentence was a material element of his plea agreement. In the latter postulation, however, the petitioner has made a threshold showing that he is entitled to habeas corpus relief, whereupon the case would be remanded to the habeas corpus court for the determination whether the petitioner is entitled to withdraw his guilty plea. In our view, this latter analysis is dictated by case law.

In 2001, the supreme court issued its opinion in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001). In that case, McLaney pleaded guilty to aggravated rape, rape, and third degree burglary and received concurrent sentences as part of a plea agreement. Later, he filed a petition for writ of habeas corpus alleging that the imposition of concurrent sentencing was illegal because he was on bond when he committed the aggravated rape and burglary. *See* T.C.A. § 40-20-11(b) (requiring consecutive sentencing for offenses committed while a defendant is on bail). The trial court summarily dismissed the petition, and this court affirmed. Our supreme court, however, reversed the decision and remanded the case for the appointment of counsel and an evidentiary hearing. The court held that if McLaney's allegations "are proven in the record of the underlying convictions, then the sentence is void and the habeas corpus court is mandated by statute to declare it so. If the sentence is void, then either the plea may be withdrawn or the conviction remains intact." *Id.* at 94-95. The court observed that "[a] general rule has developed in the law that where a concurrent sentence will not be imposed as promised, or the sentence bargained for is otherwise illegal, the defendant is entitled to withdraw the plea." *Id.* (citing *West Virginia ex rel. Morris v. Mohn*, 165 W. Va. 145, 267 S.E.2d 443, 448 (1980)). The supreme court also noted its own previous holdings in guilty-plea cases "that if a petitioner shows that a sentence is void, on remand to the original convicting trial court, a guilty plea may be withdrawn." *Id.* The court reiterated this "general rule" in later cases dealing with plenary plea agreements. *See, e.g.*, *Summers*, 212 S.W.3d at 258 ("When a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement. Thus, as a general rule, when a plea agreement includes an illegal sentence, a defendant is entitled to withdraw the guilty plea."); *Smith v. Lewis*, 202 S.W.3d 124, 129 (Tenn. 2006) ("[W]hen a defendant bargains for and receives an

illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommencement of the prosecution.").

In *Smith*, however, the supreme court held that although the sentence imposed by the trial court was illegal, Smith was not entitled to withdraw his guilty plea because the record did not establish that the illegal sentence was a bargained-for element of his plea agreement. *Smith*, 202 S.W.3d at 130. Because in *Smith* there had been a hearing on the petition for writ of habeas corpus, the reviewing courts had the benefit of the entire record of the trial court proceedings, which had been admitted as an exhibit at the habeas corpus hearing. *Id.* at 126. This record established conclusively that Smith had not bargained for his illegal sentence. Instead, he pleaded guilty to rape of a child in exchange for a fifteen-year sentence, a sentence which does not contravene any statute. *Id.* at 129. The record indicated that the illegality in the sentence arose as a result of *the trial court's* misunderstanding of release eligibility date provisions for child rapists. *Id.* The *Smith* court ruled that "under the unique facts of this case" Smith was not entitled to withdraw his plea. Thus, the *Smith* holding was limited to the facts of that case; the imperative fact was that the denial of habeas corpus relief came after a hearing and that the record of the underlying proceedings that had been introduced at the hearing established that the erroneous release eligibility date was not a bargained-for element of the plea agreement. *Smith* does not, as the State contends, support summary dismissal of the present case just because the petitioner did not attach the full trial court record that might have revealed whether the alignment of the escape sentence was a bargained-for element of the plea agreement.

In *Summers*, the State specifically asked the court "to revisit *McLaney* and its holding that an illegal sentence in a plea agreement renders the judgment, including the conviction, void and entitles a petitioner to habeas corpus relief." *Summers*, 212 S.W.3d at 257. However, the court specifically "decline[d] the State's invitation to modify the holding in *McLaney* with respect to the scope of the *remedy* when habeas corpus relief is granted." *Id*. at 259 (emphasis added). The court noted that its only intention was "to clarify *McLaney* with respect to the procedural requirements for seeking such relief." *Id.*

In *Summers*, the supreme court noted that *Smith* represented a narrow exception to the general rule that a petitioner is entitled to withdraw his plea when he receives an illegal sentence. *Id*. at 258. The court reiterated that *Smith* was limited to the unique facts of that case. Primarily, *Summers* clarified the threshold procedural requirements for presenting an illegal sentence claim. *Id.* at 259. The court ruled that a bare allegation of illegality is insufficient based upon the procedural requirements of the habeas corpus statute. *Id.* at 261. Accordingly, the court held that, contrary to some previous interpretations of *McLaney*, summary dismissal is appropriate unless "*the alleged illegality* is apparent from the pro se petition and the documents attached thereto." *Id.* at 259 (emphasis added). *Summers* says that where the illegality alleged is that the sentence was imposed in contravention of a statute, the habeas corpus petitioner must attach to his petition those portions of the record that support his illegal sentence claim if the illegality is not apparent from the face of the judgment. *Id*. at 262.

In the present case, the petitioner attached to his petition documentation showing that the escape sentence should have been aligned consecutively to the felony sentences. Thus, the petitioner has satisfied *Summers'* procedural requirement of filing a petition that shows entitlement to habeas corpus relief via a sentence illegality. No case says that the petitioner must attach to his petition documentation showing that he is entitled to the broader *remedy* of invalidating the conviction because the illegal sentence was central to the plea agreement. *See id*. at 259 (stating that when considering whether the petitioner will be entitled to withdraw his plea upon showing an illegal sentence, "the determinative issue is whether the plea agreement included an illegal sentence as a material element"). *Summers* separated the issue of the proper procedure for presenting an illegal sentence claim from the remedy. The court did not establish a requirement that a habeas corpus petitioner must show entitlement to withdrawal of a guilty plea through documents attached to his petition. The court specifically stated

> In the case of an *illegal sentence claim* based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support *those factual assertions*. When *such documents* from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

*Id.* at 261 (emphasis added). The fact that this holding appears during the discussion of when the trial court is required to appoint counsel to an indigent petitioner and its statement, immediately following this holding, that "[a]ny broader interpretation of when the appointment of counsel is necessary would be inconsistent with the narrow scope of habeas corpus relief and the strict technical requirements for seeking such relief," indicate that the court was creating a threshold for the appointment of counsel and scheduling of a hearing. The result is that when a petitioner attaches to his petition documentation from the record showing that his sentence is indeed illegal, the trial court must appoint counsel and hold a hearing to determine the scope of the remedy available to the petitioner. *See Brian Roberson v. Howard Carlton, Warden*, No. E2006-01551-CCA-R3-HC (Tenn. Crim. App., Knoxville, July 12, 2007) (remanding for the appointment of counsel and an evidentiary hearing where the petitioner showed through documents from the record that his sentence was illegal). At such a hearing, the issue would be whether the illegal sentence was a material element of a plea agreement with the State, and the proof would be limited to the face of the record of the underlying proceedings. If the record establishes that the illegal sentence was not a bargained-for element of the plea agreement, then, as in *Smith*, the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence. If the record establishes that the illegal sentence was a material part of a package deal, then the petitioner is entitled to withdraw his plea if he cannot reach an agreement with the State. *See McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000) (holding that withdrawal of the guilty plea is unnecessary when the parties agree to replace an illegal sentence with a legal one).

Thus, we hold that because the petition documents entitlement to habeas corpus relief, it should not have been summarily dismissed despite its failure to document entitlement to withdrawal of the plea. In the worst case, to hold otherwise would be to turn the writ of habeas corpus into something more akin to a summary proceeding where a petitioner, most often unrepresented, likely sub-literate, and almost always incarcerated, must establish each and every claim and remedy in his petition by supporting documentation that he may or may not have the power to or even knowledge that he must obtain. In the best case, a contrary holding would merely delay adjudicating a meritorious claim until the petitioner refiles a conforming petition, as has happened already in this very case.

Turning now to the facts of this case, in the petitioner's previous appeal, our supreme court approved of the summary dismissal of his petition on the basis that he had failed to attach to his petition documentation supporting his illegal sentence claim. Upon refiling his petition, the petitioner complied with this mandate and attached the indictment, which showed that his sentence for escape was imposed in direct contravention of the statute requiring that it be served consecutively to his sentences for voluntary manslaughter and aggravated arson. Rather than summarily dismiss his petition, the habeas corpus court should have appointed counsel and held an evidentiary hearing to determine whether the illegal sentence was a material element of his plea agreement with the State.

Before closing the opinion, we offer the following comments for the habeas corpus court on remand. First, *Summers* clarified that the voluntariness of the guilty plea is not an issue in a habeas corpus proceeding. *Summers*, 212 S.W.3d at 259. To be noticed and adjudicated in a habeas corpus proceeding, the incorporation of the illegal sentence as a material element in a broad plea agreement must appear on the face of the record of the conviction proceeding. *Id.* The petitioner's subjective expectations are irrelevant, and, correspondingly, his testimony that the illegal sentence was a bargained-for element of his plea agreement is irrelevant. We cannot overemphasize that the proof is strictly limited to the face of the judgment and the record of the underlying proceedings.

Second, the presence of a relatively *de minimis*, or non-material, void component in the plea agreement may not justify availing the petitioner an opportunity to withdraw his plea agreement. To be sure, *Smith* denied the petitioner the opportunity to withdraw his guilty plea when a void component of the *judgment* was deemed not to be a component of the *plea agreement. See generally Smith*, 202 S.W.3d at 130. This court has perhaps enlarged the exceptions to the "general rule" of remedy in *McLaney-Smith-Summers* by holding that "the presence of a void component *of a plea agreement* does not *necessarily* equate to the invalidity of the entire agreement." *Michael David Russell v. Virginia Lewis*, No. E2005-02644-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Knoxville, July 26, 2007), *no pet. for perm. app. filed* (emphasis added). In *Michael David Russell*, the guilty-plea documents showed that, "in exchange for his package of guilty pleas [to armed robbery, three counts of aggravated rape, and two counts of escape], the defendant received a *nolle prosequi* on the charges of burglary, grand larceny, assault and battery, and habitual criminality." *Id.* Also, "[d]espite the presence of prior convictions that warranted a more egregious sentencing

range, the agreement provided for release eligibility of 30 percent." *Id.* "Thus," this court said, "the mainspring of the agreement from the defendant's point of view appears to be the avoidance of additional convictions, including that of habitual criminality, and the benefit of a 30 percent release eligibility." *Id.* We viewed "as untenable the claim that a void component – the escape conviction . . . with its one-year sentence – fouled the remainder of the agreement." *Id.* Essentially, in *Michael David Russell*, the escape sentencing provisions were not a *material* part of the plea agreement. As guidance, we note that the definition of material as used in the context of claims under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), is helpful. There, materiality exists when "there is a reasonable probability" of a change in the outcome of the proceeding. *See United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985).

## CONCLUSION

Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for writ of habeas corpus is reversed, and the case is remanded to that court for the appointment of counsel and an evidentiary hearing to determine whether the petitioner is entitled to withdraw his guilty plea.

_____
JAMES CURWOOD WITT, JR., JUDGE