# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 26, 2009 Session

## TRACY LYNN HARRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 9240     E. Eugene Eblen, Judge**

---

**No. E2008-02363-CCA-R3-HC - Filed June 29, 2010**

---

JOSEPH M. TIPTON, P.J., concurring.

I concur with the result reached in the majority opinion, given existing precedent. I write separately, though, to express my dissatisfaction with the result reached. I believe that once the habeas court concludes that a judgment is void, whether for an illegal conviction or illegal sentence, it should transfer the case to the convicting court—a court of equal jurisdiction—for further proceedings. The habeas court should not be allowed to act further regarding the convicting case by limiting the options available to the Petitioner or the convicting court after transfer of the case.

The procedure followed in the present case stems from the interpretation this court made in Summers v. Fortner, 267 S.W.3d 1 (Tenn. Crim. App. 2008), regarding two Tennessee Supreme Court opinions. See Summers v. State, 212 S.W.3d 251 (Tenn. 2007); Smith v. Lewis, 202 S.W.3d 124 (Tenn. 2006). In Smith, the supreme court was confronted with a sentence resulting from an agreed guilty plea to rape of a child, and offense for which the statute provides for no parole. The judgment, however, reflected a fifteen-year sentence with release eligibility after serving eighty percent of the sentence. This was deemed to be an illegal and void sentence. The record before the supreme court, though, contained the entire record of the guilty plea proceedings. This record showed that the State noted to the trial court that the offense carried no release eligibility, and it also showed that such eligibility was not a part of the plea agreement. Under these circumstances, the supreme court concluded that the Petitioner was not entitled to withdraw his guilty plea because the illegal provision was not a "bargained-for element" of the plea. 202 S.W.3d at 130. The supreme court remanded the case to the convicting court to enter a legal sentence. Id.

In <u>Summers v. State</u>, the supreme court noted that its denial in <u>Smith</u> was "under the unique facts of the case," but it reaffirmed that a Petitioner was entitled to withdraw his guilty plea "when the bargained-for sentence is illegal." 212 S.W.3d at 259. Most of the <u>Smith</u> opinion is concerned with explaining the procedures to follow in habeas corpus cases and the need to apply sufficient information by records and other documents—not just a mere claim of an illegal sentence—when the claim is based on facts not apparent from the face of the judgment. The court concluded that the trial court's summary dismissal was proper given the Petitioner's lack of support for his assertions.

In <u>Summers v. Fortner</u>, this court recognized that the supreme court's decision in <u>Smith</u> was unique and reflected a "narrow exception to the general rule that a Petitioner is entitled to withdraw his plea when he receives an illegal sentence." 267 S.W.3d at 5. It also recognized that the supreme court's <u>Summers</u> opinion clarified the procedures required when an illegal sentence is not apparent from the face of a judgment. <u>Id</u>. at 6.

The problem for me, though, is this court's inherent conclusion that the determination of whether a Petitioner is entitled to withdraw a guilty plea is to be made by the habeas court, not the convicting court. I see nothing in the supreme court cases that even hints at such a process being required. I believe that upon a determination by the habeas court that a conviction or a sentence is void, its duty is to vacate the judgment of conviction and to remand the case to the convicting court. Any further proceedings are within the jurisdiction of the convicting court. Thus, in this case, although the record may support a conclusion that the illegality at issue was not a material element of the plea agreement, it is the sole authority of the convicting court, not the habeas court, to determine the proper result.

Because <u>Summers v. Fortner</u> is binding precedent, I must concur in this case. <u>See</u> Tenn. Sup. Ct. R. 4(G)(2). I believe, however, that its holding should be reviewed by the Tennessee Supreme Court in this case and that the convicting court should be determined to be the forum for deciding whether or not a guilty plea may be withdrawn.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE
