# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 30, 2011

## MICHAEL SHANE BENSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 279466      Rebecca J. Stern, Judge**

**No. E2011-00786-CCA-R3-HC - Filed December 22, 2011**

The petitioner, Michael Benson, proceeding *pro se*, appeals the Hamilton County Criminal Court's denial of his petition for habeas corpus relief. On July 5, 2000, the petitioner pled guilty to one count of rape of a child in the Hamilton County. He now claims this conviction is void, and the State agrees, because the judgment of conviction does not contain the mandatory community supervision for life provision as required by law. The remedy he seeks is to require the State to honor its original plea agreement, which did not include the provision, even though it will result in an illegal sentence. After careful review, we conclude that the petitioner is correct and has a valid claim, but he has cited to no authority authorizing the relief he seeks. Therefore, we must deem that this issue is waived. Contrarily, the State requests that this court reverse the actions of the habeas corpus court in denying relief and that we remand with instructions to the court to summarily amend the judgment of conviction to provide for the mandatory community supervision for life provision. However, after review, we deem it proper to reverse and remand to follow the instructions contained herein.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Michael Shane Benson, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." T.C.A. § 29-21-101 (2010). However, the burden is on the petitioner to establish by a preponderance of the evidence that the challenged judgment is void or that a term of imprisonment has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). A court may grant a writ of habeas corpus "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 158 (Tenn. 1993)).

A habeas corpus court is not required as a matter of law to grant the writ and conduct an inquiry into the allegations contained in the petition. T.C.A. § 29-21-109. If the petition fails on its face to state a cognizable claim for writ of habeas corpus, the court may summarily dismiss the petition. *State ex. Rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). As stated in Tennessee Code Annotated section 29-21-109, "[i]f from the showing of the petition, the plaintiff would not be entitled to any relief, the writ may be refused."

In this appeal, we are dealing with the summary dismissal of the petitioner's petition for habeas corpus relief, with the record including no reasons or explanations for the denial. The petitioner filed a sworn petition alleging that, pursuant to a plea agreement, he pled guilty on July 5, 2002, to rape of a child in exchange for a fifteen-year sentence. According to the judgment of conviction, he would also be required to register as a sex offender and to provide a DNA sample. No other punishment was discussed as part of the plea agreement. The judgment of conviction in this record does not reflect that the mandatory community supervision for life, as required under Tennessee Code Annotated section 39-13-522, was imposed. As such, the State is in agreement that the judgment is void on its face.

The petitioner also alleges that the Tennessee Department of Correction is aware of many such void judgments which do not contain the mandatory community supervision for life provision. He contends that they purposefully and routinely wait until a few months before the sentences expire before contacting the District Attorney General's office to seek amendment of the judgment without the presence of or knowledge of the petitioner. Although the allegations made by the petitioner are not conclusively substantiated here, we would note that this does not appear to be the proper method for dealing with such void judgments.

The remedy sought by this petitioner is that the State be required to honor its original

plea agreement which does not provide for community supervision for life. He does, however, acknowledge that such an agreement results in an illegal sentence. While the State concedes that the petitioner is entitled to relief because he has conclusively established that the conviction is void on its face for failing to include the mandatory community supervision for life provision, it contends that the relief he seeks is not appropriate.

According to the State, the proper relief is simply correction of the void judgment. The State requests that the judgment from the habeas court be reversed and that the case be remanded to the habeas court with instructions to amend the petitioner's judgment of conviction to include a provision mandating community supervision for life. Relying on *State v. Bronson*, 172 S.W.3d 600 (Tenn. Crim. App. 2005), the State argues that, "since this petitioner's judgment is void due to an illegal sentence without the imposition of community supervision for life, his judgment must be amended in order to include such a sentence." According to the State, the authority for this remedy is that our supreme court has "recognized that a sentence imposed in direct contravention of a statute . . . is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). An illegal sentence renders a judgment of conviction void, and a trial court may correct it at any time. *Bronson*, 172 S.W.3d at 601-02.

The State acknowledges that the petitioner protests the unilateral amendment to his judgment. The State argues that this case turns on the applicability of *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), and its progeny. According to the State, "[t]he reasoning behind *McLaney* was in essence that, whenever a defendant agrees to plead guilty and waive the right to jury trial in exchange for an illegal sentence, allowing the defendant to withdraw the guilty plea returns the case to the same posture as before the illegal sentence was imposed in exchange for the guilty plea." The State further points out that several recent decisions from our supreme court have reaffirmed the underlying holding in *McLaney* while clarifying precisely when and how it should apply. The State first cites to *Smith v. Lewis*, 202 S.W.3d 124 (Tenn. 2006), for the proposition that even an illegal sentence may not allow the petitioner to withdraw his guilty plea unless it can be shown that the offending element was a bargained-for element of the plea agreement. Next, the State cites to *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007) ("*Summers I*"), for the proposition that, although the petitioner's sentence is illegal, the petitioner is not entitled to withdraw his or her guilty plea unless it is shown that the illegal aspect of the sentence was "a material element" of the guilty plea agreement. And lastly, the State relies upon *Summers v. Fortner*, 267 S.W.3d 1 (Tenn. Crim. App. 2008) ("*Summers II*"), for the proposition that appointment of counsel and an evidentiary hearing on whether the illegal component of a sentence was "a material element" of the guilty plea agreement is appropriate under circumstances similar to the facts of this case. In *Summers II*, the court noted that "materiality exists when 'there is a reasonable probability' of a change in the outcome of the proceeding." *Id.* at 8.

Finally, the State directs our attention to the recent case of *Tracy Lynn Harris v. Jim, Worthington, Warden*, No. E2008-02363-CCA-R3-HC (Tenn. Crim. App., at Knoxville, June 29, 2010), *perm. to appeal denied* (Tenn. Nov. 17, 2010), in which the court addressed a factually similar issue to the one contained here. In *Harris*, the petitioner was charged with first degree premeditated murder, first degree felony murder, especially aggravated burglary, and aggravated rape. Pursuant to the plea agreement reached, the State dismissed the charges of first degree premeditated murder and especially aggravated burglary, and the petitioner pled to first degree felony murder and aggravated rape. The petitioner agreed to respective, concurrent sentences of life imprisonment without the possibility of parole and twenty years. For the aggravated rape conviction, the defendant was not ordered to community supervision for life, which, as a practical matter, would never occur in light of his sentence of life without the possibility of parole. In that case, this court concluded that the absence of the supervision for life provision was not "a material element" of the agreement. *Id*. In those circumstances, the court affirmed the trial court's unilateral amendment of the judgment to impose community supervision for life.

In support of its argument for unilateral correction of the judgment in this case, the State contends that, upon this record, the petitioner concedes that community supervision for life was not a material element of his plea. In other words, they allege he has not proven a reasonable probability that, had the illegal portion of his agreement been made lawful, he would not have pled guilty as he did. The State seems to argue that because the petitioner was not advised by trial counsel or the trial court that he would be subject to community supervision for life, he cannot now prove that its omission from his judgment was a bargained-for element. We are at a loss to understand the State's argument given the supreme court's guidance that it is ineffective assistance of counsel and a constitutionally insufficient admonition from the trial court not to advise a defendant of the mandatory community supervision for life provision. *See Ward v. State*, 315 S.W.3d 461, 474 (Tenn. 2010). Contrary to the State's contention, we are not convinced that this case is factually similar to *Harris*. In that case, it was very apparent on the record that the omitted provision, which would never practically be enforced, was not a material element of the agreement. However, the facts here do not clearly show whether it has been established that the omission of the provision was a material element.

The conundrum we face in this case is one noted by Justice Gary R. Wade in his recent dissent from the denial of a Rule 11 application for permission to appeal in *Ben W. Watkins v. State of Tennessee*, No. E2010-01140-SC-R11-HC (Tenn., Sept. 9, 2011). Justice Wade noted that in *Ward*, 315 S.W.3d at 474 (Tenn. 2010), the court ruled that "the trial court is constitutionally required to inform [a] defendant of the [lifetime] supervision requirement as part of the plea colloquy" when a defendant pleads guilty to violations of certain enumerated code sections. *Ben W. Watkins*, No. E2010-01140-SC-R11-HC (Wade,

J., dissenting). Justice Wade further noted a lack of clear procedural guidance from the supreme court on how to address problems of this nature when they arise. We do not disagree with Justice Wade's conclusion.

However, the remedy sought by the petitioner in this case is clearly not acceptable. As noted, his desire is to simply force the State to comply with the original agreement, which did not contain the lifetime supervision provision, and allow the illegal sentence to stand as valid. We simply cannot conclude that such a remedy has been authorized by any previous authority. Moreover, the petitioner has cited no authority allowing for the relief he now seeks. Therefore, in this case, we conclude that the issue is waived based upon the petitioner's failure to cite authority to support his argument. *See* Tenn. Ct. Crim. App. R. 10(b); *State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

However, we must still address whether, in the face of a clearly illegal judgment, this court should, as the State requests, remand this case to the habeas court with instructions to unilaterally amend the judgment to include the mandatory community supervision for life provision. We do not agree that this is the proper remedy in this case either. Rather, we feel this case should be remanded to the court[1] for the purpose of appointing the petitioner counsel and for conducting an evidentiary hearing to determine whether the lack of the mandatory community supervision for life provision was a material, bargained-for element of his plea. We have chosen to remand to the trial court instead of the habeas corpus court, believing the trial court to be the most appropriate forum to resolve the issue. If the court determines that the community supervision for life provision was a material, bargained-for element of the petitioner's plea, the court should allow the petitioner the option of withdrawing his guilty plea or consenting to the amendment of the judgment which will provide for community supervision for life. However, if the court determines that the community supervision for life provision was not a material, bargained-for element of the petitioner's plea, the court should then correct the illegal sentence by amending the petitioner's judgment of conviction to properly reflect community supervision for life.

## CONCLUSION

Based upon the foregoing, the summary denial of the petition by the habeas corpus

---

[1] We note that the petitioner actually filed his habeas corpus petition in the wrong court, as he is currently incarcerated in Bledsoe County. Our law requires that habeas corpus petitions be filed with the court most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not doing so. T.C.A. § 29-21-105. Nonetheless, the petition was heard in the Hamilton County Criminal Court, which was actually the court of conviction. Had this petition actually been filed properly in Bledsoe County, we would have remanded to Hamilton County regardless, as we believe the trial court is the most appropriate forum to resolve the issues presented here.

-5-

court is reversed. The case is remanded to proceed in accordance with the instructions contained herein.

_____
JOHN EVERETT WILLIAMS, JUDGE