IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 03, 2013

## MATTHEW JACKSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 13CR9864     R. Lee Moore, Jr., Judge**

_____

**No. W2013-01794-CCA-R3-HC  - Filed March 31, 2014**

_____

Petitioner, Matthew Jackson, appeals from the Lake County Circuit Court's order denying his requested habeas corpus relief. In his petition, Petitioner attacked his convictions for two counts of aggravated rape, one count of aggravated kidnapping, and one count of aggravated robbery. He was convicted following his entry of guilty pleas in the Robertson County Circuit Court in 2001. The record shows there were no agreements as to sentencing except the parties agreed all sentences would be served concurrently. In this habeas corpus petition, Petitioner asserts he was sentenced to an illegal sentence because the trial court did not inform him of the following consequences of his guilty pleas: (a) mandatory registration as a sex offender; and (b) mandatory sentence of community supervision for life in addition to incarceration. Petitioner also sought habeas corpus relief on the ground that his guilty pleas were not knowingly, voluntarily, and intelligently entered. The trial court denied Petitioner habeas corpus relief to the extent of not setting aside the convictions or the sentences. However, the trial court remanded the cases to the Robertson County Circuit Court for entry of corrected judgments for the aggravated rape convictions regarding registration as a sexual offender and community supervision for life. We affirm the judgment of the Circuit Court of Lake County.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and JEFFREY S. BIVINS, JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Filed with the habeas corpus petition are the judgments of conviction, petitions for acceptance of guilty pleas signed by Petitioner, and a transcript of the sentencing hearing. No transcript of the hearing on the guilty pleas is in the record. These documents show that on May 16, 2001, Petitioner entered guilty pleas to the following offenses charged in two indictments: two counts of aggravated rape, one count of aggravated kidnapping, and one count of aggravated robbery. The *only* agreement as to sentencing was that the sentences for all convictions must be served concurrently with each other. The length of each sentence was left to determination by the trial court following a sentencing hearing. The trial court sentenced Petitioner to serve 25 years for each aggravated rape as a violent 100% offender, 12 years for aggravated kidnapping as a violent 100% offender, and 10 years for the aggravated robbery as a Range I standard offender, all sentences concurrent for an effective sentence of 25 years at 100%. Despite the provisions of Tennessee Code Annotated sections 40-39-201 *et seq.* (repealed and replaced by Tenn. Code Ann. §§ 40-39-201 *et seq.* (2004))(mandatory registration by violent sexual offenders) and Tennessee Code Annotated section 39-13-524 (community supervision for life) the trial court did not include these mandatory requirements in the judgments for aggravated rape. The trial court also did not pronounce these mandatory provisions from the bench at the sentencing hearing. Petitioner's claims for relief are based upon the failure of the trial court to include these provisions of his convictions in the judgments and upon the trial court's failure to advise him of the requirements at the time he entered his guilty pleas.

*Analysis*

As stated by this court in *Summers v. Fortner*, 267 S.W.3d 1 (Tenn. Crim. App. 2008),

> The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. Art. 1, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely

a voidable, judgment. *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

*Summers*, 267 S.W.3d at 3.

The imposition of a sentence of community service of life is punitive. *Ward v. State*, 315 S.W.3d 461, 473 (Tenn. 2010). The trial court's "failure to include the community supervision of life provisions [in a judgment] [renders] the . . . sentence[] illegal." *State v. Bronson*, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005). An illegal sentence is void, and thus may be addressed in habeas corpus proceedings. *Cantrell v. Easterling*, 346 S.W.3d 445, 452-53 (Tenn. 2011). However, even if the sentence component of the judgment is illegal, the conviction cannot be set aside for this reason unless "the illegal sentence was a material condition of a plea agreement." *Id.* at 456. In *Cantrell*, the supreme court noted that if an illegal sentence follows a jury verdict, "the only remedy is the entry of an amended judgment order reflecting a legal sentence." *Id*. Petitioner entered what is commonly referred to as an "open plea" of guilty as charged, except there was an agreement that all sentences would be served concurrently. Provisions for community supervision for life and registration as a sexual offender were not even discussed. Thus they were not material conditions of a plea agreement. Thus, Petitioner is not entitled to any relief he seeks on the issue of not being advised of mandatory community supervision for life and registration as a sex offender.

Since community supervision for life and registration as a sexual offender were not in any form material conditions of the plea agreement, the habeas corpus trial court properly denied relief to Petitioner regarding his convictions, but ordered a remand to the Circuit Court of Robertson County for entry of corrected judgments which reflect those conditions.

Whether a guilty plea is knowingly, voluntarily, and intelligently entered is not an appropriate issue in a habeas corpus proceeding. *Summers*, 267 S.W.3d at 7. We note that if Petitioner had a valid claim that his guilty pleas were not knowingly, voluntarily, and intelligently entered for the reasons alleged, this would render the judgments merely *voidable* and not *void*. Hence, habeas corpus relief is not available.

In conclusion, we affirm the judgment of the Lake County Circuit Court.

THOMAS T. WOODALL, JUDGE

-3-