IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2019

## STATE OF TENNESSEE v. ALEJANDRO AVILA-SALAZAR

**Appeal from the Criminal Court for Davidson County**
No. 2005-A-32     Mark J. Fishburn, Judge

_____

**No. M2019-01143-CCA-R3-PC**

_____

Alejandro Avila-Salazar, Petitioner, appeals the dismissal of what the post-conviction court determined to be his second petition for post-conviction relief (the "2018 Petition"). The State concedes that the post-conviction court "improperly dismissed" the 2018 Petition and asks this court to remand the case to the post-conviction court for a ruling on Petitioner's claims "based on the evidence received at the hearing already afforded." We hold that the amended judgment of conviction correcting an illegal sentence in the original judgment by imposing a new, more punitive sentence that includes community supervision for life was a separate judgment for the purposes of Tennessee Code Annotated section 40-30-102, that the 2018 Petition presented an issue that had not been previously litigated, that the 2018 Petition was the first post-conviction challenge to the new judgment, and that the post-conviction court erred in finding the 2018 Petition was a second petition. We reverse and remand for a determination on the merits of the claims raised in the 2018 Petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Alejandro Avila-Salazar.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Procedural History

**Plea and Sentence**. On January 21, 2005, Petitioner was indicted in count one of Case No. 2005-A-32 for felony murder and in count two for attempted aggravated rape. On September 6, 2006, Petitioner pled guilty to second degree murder and attempted aggravated rape. Pursuant to a negotiated plea agreement, the trial court sentenced Petitioner out of range to forty years with a release eligibility of 100 percent for second degree murder and to a concurrent term of twelve years as a standard offender for attempted aggravated rape.

**November 2006 Petition for Post-Conviction Relief.** Petitioner filed a timely Petition for Post-Conviction Relief alleging that his guilty pleas were not knowingly and intelligently entered because he received ineffective assistance of counsel. Following a hearing on March 10, 2008, the post-conviction court denied the petition. This court affirmed the denial. *Alejandro Avila-Salazar v. State*, No. M2008-02120-CCA-R3-PC, 2009 WL 3029604, at *5 (Tenn. Crim. App. Sept. 22, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010).

**May 2014 Petition for Writ of Habeas Corpus**. Petitioner filed a Petition for Writ of Habeas Corpus "alleging that his guilty pleas were not knowingly and voluntarily entered because his sentence violated the jurisdictional limits of the trial court" and "that the indictment against him failed to apprise him of the offense that he was being called to defend." *Alejandro Avila-Salazar v. State*, No. M2014-01665-CCA-R3-HC, 2015 WL 739669, at *1 (Tenn. Crim. App. Feb. 20, 2015), *no perm. app. filed*. The habeas corpus court found that Petitioner failed to prove that his judgments were void and summarily denied the petition. This court affirmed. *Id.*

**June 2015 Petition for Writ of Habeas Corpus.** Petitioner then filed a Petition for Writ of Habeas Corpus in Wayne County, where he was incarcerated, in which he alleged that his sentence was illegal and the judgments were void because the judgment of conviction for attempted aggravated rape failed to include community supervision for life as required by Tennessee Code Annotated section 39-13-524(a). Following an evidentiary hearing on May 12, 2016, the habeas corpus court entered an order denying the petition, which provided in part:

> The court finds that the omission of the mandatory provision of community supervision for life renders the sentence for attempted aggravated rape void. However, nothing in the record has established that the illegal sentence was a material bargained-for element of the plea agreement, which included a

[forty]-year sentence on a reduced charge of second degree murder. The [c]ourt finds that the Petitioner has not carried his burden of showing that the absence of the community supervision component was a material component of the plea bargain. Therefore, the Petitioner's convictions for attempted aggravated rape and second degree murder shall remain intact, and he is not entitled to withdraw his plea of guilty in this matter. The [c]ourt finds that the only remedy to which the Petitioner is entitled is the correction of his sentence to remove the illegality by imposing the condition of community supervision for life.

The habeas corpus court ordered the case transferred to Davidson County Criminal Court for entry of an amended judgment of conviction for attempted aggravated rape providing community supervision for life.

On appeal, Petitioner claimed "that the omission of community supervision for life was a material, bargained-for element of his plea agreement." *Alejandro Avila[-]Salazar v. State*, No. M2016-01336-CCA-R3-HC, 2017 WL 2334880, at *1 (Tenn. Crim. App. May 30, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017), *cert. denied*, 138 S. Ct. 998, (2018). Based on the guilty plea hearing transcript, this court determined that

the disposition of the Petitioner's first degree felony murder charge, which carried a mandatory sentence of life or life without parole, was more likely the material element of his plea agreement. Indeed, the overwhelming majority of the guilty plea hearing was spent on the Petitioner's plea to the lesser charge of second degree murder, and his plea to attempted aggravated rape was not mentioned until the very end of the hearing when the trial court had to inform the parties that the Petitioner had an additional charge to resolve.

*Id* at *3. This court noted that, "although the Petitioner's attempted aggravated rape sentence [wa]s void," because Petitioner failed to show that his illegal sentence was a material element of his plea agreement, his convictions remained intact and that "his only remedy [wa]s the correction of the sentence." *Id.* at *2 (citing *Summers v. Fortner*, 267 S.W.3d 1, 6-7 (Tenn. Crim. App. 2008)). This court determined that the habeas corpus court properly denied the petition and transferred the case "to the convicting court for entry of a corrected judgment adding the condition of community supervision for life." *Id.*

**Amended Judgment.** As ordered, the Davidson County Criminal Court entered an amended judgment for attempted aggravated rape. The amended judgment contained an "X" in the box before "[p]ursuant to [Tennessee] [Code] [Annotated section] 39-13-

524 [Petitioner] is sentenced to community supervision for life following sentence expiration." The amended judgment in the record does not have a stamped filed date, and the "date of entry" is the same as on the original judgment, September 6, 2006.

**The 2018 Petition.** On July 30, 2018, after the trial court entered an amended judgment sentencing Petitioner to community supervision for life, Petitioner filed the 2018 Petition claiming that he received ineffective assistance of counsel and as a result, his "[p]leas were entered unknowingly and involuntarily." The post-conviction court appointed counsel, who on January 29, 2019, filed an amended petition requesting that Petitioner's pleas of guilt be set aside. The amended petition stated that the State "was prepared to *nolle prosequi*" the attempted aggravated rape count in an effort to settle the case, but Petitioner refused and demanded that both convictions be set aside.[1]

The State filed a response on April 12, 2019, asking that the 2018 Petition be dismissed. The response acknowledged that "the mandatory sentence of community supervision for life is a punitive consequence of a guilty plea" to attempted aggravated rape and conceded that Petitioner "was not informed of the lifetime supervision requirement" by the trial court when he entered his pleas. The State recognized that, based on *State v. Ward*, trial courts are required to inform defendants of the lifetime supervision requirement and that the failure to do so requires the conviction to be set aside "unless the State proves that the error is harmless beyond a reasonable doubt." 315 S.W.3d 461, 476 (Tenn. 2010). However, the State also noted that the supreme court in *Bush v. State*, 428 S.W.3d 1 (Tenn. 2014) determined that the holding in *Ward* did not apply retroactively.

On April 24, 2019, the post-conviction court held a hearing. Post-conviction counsel announced that the State offered "to dismiss" the attempted aggravated rape count, but Petitioner did not agree to dismissal of only the attempted aggravated rape count. Counsel explained:

> The disagreement comes in that [Petitioner], in his pro se petition, has filed essentially saying that he believes that his other conviction for second-degree murder should also be set aside based on the void nature of [c]ount [two], the attempted aggravated rape. I have referenced the specific sections and pages in my January 29th filing referencing back to his July 30th filing that he believes are meritorious, and I was prepared today to stand on our pleadings. I don't believe any evidence is required at this

---

[1] Nothing in the record explains how the State would *nolle prosequi* a final judgment of conviction.

- 4 -

point, and I don't think any additional arguments need to be made other than what has been filed with the [c]ourt.

The State confirmed that because Petitioner was not advised at the time he pled guilty that he would be subject to community supervision for life, the State "basically [as] a courtesy, not a legal requirement" had offered to dismiss the attempted aggravated rape conviction. However, because Petitioner would only agree to a dismissal of both counts, the State filed its response and decided to go forward with the hearing. The State claimed that the two counts were "separate and distinct convictions, and . . . whether or not one is void has no bearing on whether or not the other one is void, and we would say that -- that the second-degree murder conviction is valid and should stand."

After argument of counsel, the parties submitted the issue to the post-conviction court to "make a determination as to both counts rather than a one or the other." No proof was presented, and the court took the matter under advisement.

In its June 4, 2019 order, the post-conviction court reasoned:

> Tennessee Code Annotated [section] 40-30-102(c) states that only one petition for post-conviction relief may be filed attacking a judgment. If a prior petition was resolved on its merits any subsequent petition must be summarily dismissed. A petitioner may petition to re-open if "[t]he claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, *if retrospective application of that right is required*." T[enn]. C[ode] A[nn]. § 40-30-117 (emphasis in original).

> *Ward v. State*, 315 S.W. 3d 461 (Tenn. 2010), established that the mandatory sentence of community supervision for life is a punitive consequence of a guilty plea to the enumerated offenses. The court stated that the trial court has an affirmative duty to ensure the defendant is informed of this requirement. If the trial court does not inform the defendant of this requirement, the conviction must be set aside unless the State proves the error is harmless beyond a reasonable doubt. *Ward* at 476.

> T[ennessee] C[ode] A[nnotated section] 40-30-122 further clarifies retroactivity in post-conviction proceedings. This statute states that "[a] new rule of constitutional criminal law shall not be applied retroactively in a post-conviction proceeding unless the new rule places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that are

implicit in the concept of ordered liberty." Further, in *Bush v. State*, 428 S.W. 3d 1 (Tenn. 2014), the court held that the ruling in *Ward* did not apply retroactively. The *Bush* court found that the affirmative duty to inform did not meet the standards of T[ennessee] C[ode] A[nnotated section] 40-30-122, thus retroactivity was not required.

In this case, Petitioner previously filed a post-conviction petition which was denied on its merits. The holding in *Ward* was announced in 2010 after Petitioner entered his guilty plea. Based on the holding in *Bush*, the requirement that courts inform defendants about the mandatory community supervision for life requirement is not retroactive. . . .

The post-conviction court found that the 2018 Petition did "not meet one of the exceptions in T[ennessee] C[ode] A[nnotated section] 40-30-102(b) or [section] 40-30-117" allowing the filing of a second post-conviction petition. The court dismissed the 2018 Petition, and Petitioner timely appealed.

**Analysis**

On appeal, Petitioner claims that his guilty pleas were not entered voluntarily, knowingly, or intelligently because counsel was ineffective for failing to advise him that he would be subject to community supervision for life and that the post-conviction court erred by dismissing the 2018 Petition as a second petition for post-conviction relief. The State concedes that the post-conviction court "improperly dismissed" the 2018 Petition and asks this court to remand to the post-conviction court for a ruling on Petitioner's claims "based on the evidence received at the hearing already afforded." We agree that the 2018 Petition was not a second petition attacking a single judgment under Tennessee Code Annotated section 40-30-102 and that the post-conviction court erred dismissing the 2018 Petition on that basis. We also agree that the case needs to be remanded to the post-conviction court for a ruling on the merits of the ineffective assistance of counsel claim.

*Tennessee Code Annotated section 40-30-102*

Tennessee Code Annotated section 40-30-102 provides certain procedural requirements for filing a petition for post-conviction. Section 40-30-102(a) codifies the statute of limitations for filing a petition seeking post-conviction relief. Section 40-30-102(c) limits a petitioner to a single petition attacking a single judgment. Before a claim can be dismissed for failure to comply with procedural requirements, "due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Bush*, 428 S.W.3d at 22 (quoting

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)) ("once the legislature provides prisoners with a method for obtaining post-conviction relief, prisoners must be afforded an opportunity to seek this relief 'at a meaningful time and in a meaningful manner'").

Tennessee Code Annotated section 40-30-102(c) provides:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117.

"A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T[enn]. C[ode] A[nn]. § 40-30-106(h).

A panel of this court recently determined that "[u]pon the entry of an amended judgment" adding a sentence of community supervision for life, "the one-year statute of limitations period for post-conviction relief is reset." *Steven Padgett King v. State*, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, at *1 (Tenn. Crim. App. Aug. 30, 2017), (*no perm. app. filed*)(citing *Michael Garrett v. State*, No. M2008-00046-CCA-R3-HC, 2009 WL 2567730, at *4 (Tenn. Crim. App. Aug. 19, 2009) (citing *Manny T. Anderson v. State*, No. M2002-00641-CCA-R3-PC, 2003 WL 2002092, at *4 (Tenn. Crim. App. April 30, 2003) (the one-year post-conviction limitations period runs upon the entry of an amended judgment modifying the release eligibility date from 30% to 100%))). Although *Steven Padgett King* and *Manny T. Anderson* involved a first petition for post-conviction relief, the same underlying reasoning allowing a first petition to be filed years after the original judgment was entered should apply to a second petition, provided the second petition was a petitioner's first "opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford*, 845 S.W.2d at 208.

Petitioner was not sentenced to community supervision for life at the time his first petition for post-conviction relief was decided. It would be unreasonable to expect Petitioner to have made the claim he makes in the 2018 Petition—that his guilty pleas were not entered voluntarily, knowingly, or intelligently because counsel was ineffective for failing to advise him that he would be subject to community supervision for life— before he was actually sentenced to community supervision for life, even if he was aware at an earlier date that his sentence was illegal. Petitioner's first meaningful opportunity to seek post-conviction relief on that claim arose when the trial court entered an amended

judgment sentencing Petitioner to community supervision for life.  Because the amended judgment imposed a new, *more punitive* sentence, the amended judgment and the original judgment are not a "single judgment" under Tennessee Code Annotated section 40-30-102(c).[2]  Therefore, the 2018 Petition was not a second petition for post-conviction relief filed attacking a single judgment.

*Ineffective Assistance of Counsel*

The jurisdiction of the Court of Criminal Appeals is appellate only and is limited in scope to review of the final judgments of trial courts in certain specified cases and proceedings.  Tenn. Code Ann. § 16-5-108.  We, therefore, remand the matter to the post-conviction court for a ruling on the merits of the 2018 Petition.

**Conclusion**

The judgment of the post-conviction court dismissing the 2018 Petition is reversed, and the case is remanded.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[2] We do not intent to imply that every time a judgment of conviction is amended or corrected that the new judgment is a separate judgment under Tennessee Code Annotated section 40-30-102(c).  For example, clerical errors can be corrected at any time without creating a new judgment.  In this case, a more punitive sentence including community supervision for life was imposed to correct an illegal, less punitive sentence in the original judgment.