# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DAVID WAYNE BRITT v. JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 5242      J. Weber McGraw, Judge**

---

**No. W2013-00148-CCA-R3-HC  - Filed January 13, 2014**

---

The Petitioner, David Wayne Britt, appeals the Hardeman County Circuit Court's denial of his petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROGER A. PAGE and JOHN EVERETT WILLIAMS, JJ., joined.

David Wayne Britt, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On April 9, 1990, the Petitioner entered a guilty plea to first degree murder, conspiracy to commit first degree murder, and possession of a deadly weapon with the intent to employ it in the commission of an offense.  According to the plea documents, the State recommended life imprisonment for first degree murder, three years for conspiracy to commit murder, and one year for possession of a deadly weapon, with the sentences to be served concurrently.  The trial court accepted the Petitioner's guilty plea, and sentenced the Petitioner in accordance with the State's recommendation.

On April 27, 1994, the Petitioner filed a petition for post-conviction relief, alleging

ineffective assistance of counsel. Following a hearing, the trial court denied the petition and this Court affirmed the trial court's decision.[1] David Wayne Britt v. State, No. 02C01-9607-CC-00224, 1997 WL 409519 (Tenn. Crim. App. July 23, 1997) perm. app. denied (Tenn. Mar. 16, 1998). In 2002, the Petitioner filed a petition for habeas corpus in the Morgan County Criminal Court, alleging that his judgments and sentences were void. The trial court found that the Petitioner's three year sentence for conspiracy to commit first degree murder was "facially void" and vacated the sentence. The court denied relief for the other two convictions, and ordered that the case be returned to Hardeman County for resentencing on the conspiracy conviction.[2]

On May 18, 2004, the Petitioner filed a "Motion to Withdraw Plea" in Hardeman County Circuit Court, alleging that his guilty plea was unknowing and involuntary because he pleaded guilty to an illegal sentence. The trial court dismissed the Petitioner's conviction for conspiracy to commit murder as facially void, but determined that the remaining convictions were valid and denied the Petitioner's motion. This Court affirmed the decision of the trial court on December 8, 2004. David Wayne Britt v. Ricky Bell, No. W2004-01524-CCA-R3-HC, 2004 WL 2821225 (Tenn. Crim. App. Dec. 8, 2004) perm. app. denied (Tenn. May 2, 2005).

On April 18, 2012, the Petitioner filed a pro se petition for habeas corpus relief, in which he alleges that his entire guilty plea is illegal and void. On June 14, 2012, he filed an amended petition after the appointment of counsel incorporating the same grounds for relief. A hearing was held on November 30, 2012, the Honorable J. Weber McGraw presiding. Following the hearing, the trial court made oral findings on the Petitioner's claims and denied relief, reasoning "that the decision by the trial court back in 2004 [that dismissed his conspiracy conviction as void] did not void the plea . . . [the dismissal] did not constitute a material element or factor of the guilty plea." On December 14, 2012, the court entered an order denying relief. The Court concluded:

---

[1]Initially, the Petitioner's post-conviction petition was dismissed as having been barred by the three-year statute of limitations; however, this Court reversed the dismissal on appeal, holding that the statute of limitation was tolled while the Petitioner was a minor pursuant to Tennessee Code Annotated section 28-1-106. See State v. David Wayne Britt, No. 02C01-9410-CC-00234 (Tenn. Crim. App. July 26, 1995).

[2]The Petitioner appealed the Morgan County Criminal Court decision, asserting that the court erred in refusing to grant him relief on his remaining convictions; however, the Petitioner filed a motion to voluntarily dismiss his appeal, which was granted on July 13, 2004. See David Wayne Britt v. Ricky Bell, No. W2004-01524-CCA-R3-HC, 2004 WL 281225, at *2 (Tenn. Crim. App. Dec. 8, 2004) (discussing the procedural history of the Petitioner's case in detail).

[T]he May 28, 2004 decision of this Court finding the [conspiracy] sentence in Count Four to be illegal and therefore void and dismissing the conviction in Count Four did not void the plea agreement and further that Count Four did not constitute a material element of the plea agreement. Petitioner is not entitled to relief.

On December 21, 2012, the Petitioner filed a notice of appeal to this Court. On August 13, 2013, the State filed a motion to affirm the habeas court's judgment pursuant to Rule 20 of Rules of the Court of Criminal Appeals.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, as the Tennessee Supreme Court stated in Hickman v. State:

[A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) ("Summers I") (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432

S.W.2d 656, 658 (Tenn. 1968)).

The Petitioner asserts that because his sentence for conspiracy to commit first degree murder is illegal, the entire plea agreement, which was entered into and accepted by the court as a package plea, is void and illegal. He asserts that the recommended three-year sentence for conspiracy was a "material element" of the plea agreement, and thus, he is entitled to withdraw his guilty plea. In its Rule 20 motion, the State asserts that we should affirm the trial court's dismissal of the petition for habeas corpus because the Petitioner has failed to prove that the conspiracy sentence was a negotiated part of his plea, and even if this Court concludes that it was a negotiated part of his plea, it was de minimus to the entire plea and does not entitle the Petition to relief. Based on the record presented, the trial court did not err in denying relief.

"[W]hen a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement." Summers I, 212 S.W.3d at 258 (citing McLaney v. Bell, 59 S.W.3d 90, 94-95 (Tenn. 2001)). However, "[t]his general rule is not without exceptions." Summers I, 212 S.W.3d at 258. The Tennessee Supreme Court explained that the "determinative issue is whether the plea agreement included an illegal sentence as a *material element*. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." Id. at 259 (emphasis added). However, "[i]f the record establishes that the illegal sentence was not a bargained-for element of the plea agreement . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the sentence." Summers v. Fortner, 267 S.W.3d 1, 6-7 (Tenn. Crim. App. 2008) ("Summers II"). In Summers II, this Court stated as guidance that "materiality exists when 'there is a reasonable probability' of a change in the outcome of the proceedings." Id. at 8 (citing Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667, 682 (1985)). The Court cautioned, however, that proof of materiality is "strictly limited to the face of the judgment and the record of the underlying proceedings." Summers II, 267 S.W.3d at 7.

In the present case, the judgments and record of underlying proceedings do not prove materiality. The record contains only the Guilty Plea documents indicating the Petitioner's desire to plead guilty and stating that the State will "recommend a sentence of three (3) years." The record does not include a transcript of the guilty plea hearings nor any other document that proves that the three year sentence was a "material element" of the plea agreement. Moreover, we are persuaded by the State's argument that the three-year sentence is de minimus in light of the overall plea agreement. The Petitioner entered a guilty plea to first degree murder, conspiracy to commit murder, and possession of a deadly weapon, and received concurrent sentences of life, three years, and one year, respectively. As noted by the State in its motion, the length of the sentences for conspiracy and possession of a deadly

weapon were immaterial to the effective length of the Petitioner's overall sentence because they are to be served concurrently to the Petitioner's life sentence.[3] Thus, "[w]e view as untenable the claim that the void component - the [conspiracy] conviction . . . with its [three-year] sentence – fouled the remainder of the agreement." See Michael David Russell v. Virginia Lewis, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546, at *2 (Tenn. Crim. App. July 26, 2007) no pet. for perm. app. filed. The Petitioner has not proven that there is a "reasonable probability" that the proceedings would have been different had the conspiracy sentence been legal. See Summers II, 267 S.W.3d at 7. Thus, although the Petitioner's conspiracy sentence is void, his only remedy is the correction of the sentence. See id. The trial court has already dismissed the void conspiracy sentence, and the Petitioner is entitled to no further relief. The trial court properly denied the Petitioner relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE

_____

[3]First degree murder carries a mandatory minimum sentence of life imprisonment. See T.C.A. §39-13-202(c)(3).