**Affirmed and Memorandum Opinion filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00705-CV

---

### BARBARA GLAPION, Appellant

### V.

### AH4R I TX, LLC, A DELAWARE LIMITED LIABILITY COMPANY, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1030810**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Barbara Glapion, appeals the trial court's order denying her motion to dismiss the underlying forcible entry and detainer action and judgment awarding possession to appellee AH4R I TX, LLC, a Delaware Limited Liability Company. We affirm.

# I. BACKGROUND

On June 28, 2008, Glapion signed a Deed of Trust with GMAC Mortgage Corporation. The Deed of Trust recited at paragraph 18: "If the Property is sold pursuant to [a Trustee's sale upon Foreclosure] Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale."

In its sworn Original Petition for Forcible Entry and Detainer filed on February 13, 2013, in justice court, AH4R I TX alleged that it acquired title to the subject property, Lot 51, Block 2 of Yaupon Ranch, Section 4 (hereinafter "the subject property"), at a Substitute Trustee's Sale held on November 6, 2012. Glapion filed a February 21, 2013 suit against AH4R I TX and others for wrongful foreclosure and breach of contract in district court and subsequently filed a motion in justice court to dismiss the forcible entry and detainer action. The justice court denied Glapion's motion and awarded possession to AH4R I TX.

Glapion appealed to the Harris County Civil Court at Law. Glapion again filed a motion to dismiss. Glapion argued that the court did not have jurisdiction because "the right to immediate possession of the property is integrally intertwined with the title dispute between plaintiff and defendant."

When, on June 24, 2013, the trial court called the case for trial, Glapion urged the motion to dismiss and argued, "We believe that notice was improper from the original holder of the note, that the foreclosure was improper and, therefore, the deed transferred improperly." Glapion also argued that AH4R I TX had not yet responded to her discovery request about notice in the case she had filed in district court. Thus, Glapion asserted she had not yet seen the notice to vacate AH4R I TX claimed to have provided to Glapion. In response, the trial court stated: "I will give you your stay to do your discovery to prove to the district

court whatever you need to do about the wrongful discovery [sic], I'll give you a short time. . . a 60-day stay to get your discovery responses are due in two weeks. Find out what notices there were, talk to the district judge, figure out what you're going to do and that way you won't get set for trial."

The record reveals no additional filings prior to July 22, 2013, when the county civil court at law called the case to trial, received evidence, and awarded judgment and possession to AH4R I TX.

## II. ANALYSIS

In three issues, Glapion contends the trial court erred in denying her motion to dismiss for lack of jurisdiction; lifting the abatement; and awarding possession to appellee.

### *Jurisdiction*

Glapion makes clear by her reply brief that her sole jurisdictional argument is that title and possession in this case are so intertwined that the justice court could not exercise jurisdiction over the possession question. *See, e.g.*, *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (citing Tex. R. Civ. P. 746 for the proposition that the only issue to be determined in a forcible detainer action is who has "the right to actual possession; and the merits of the title shall not be adjudicated"). As such intertwining implicates subject matter jurisdiction, it is a question of law subject to de novo review. *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). The issue may be raised for the first time on appeal, and the parties cannot waive it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Thus, although the record does

not contain Glapion's re-urging of her motion to dismiss or the trial court's ruling thereon, we address Glapion's jurisdictional challenge.

In Texas, the intersection between challenges to title and challenges to possession is not always clear. Possession, and only possession, is determined in a forcible entry or forcible detainer action under of the Texas Property Code. Tex. R. Civ. P. 746. A justice court's jurisdiction over such suits to determine immediate possession is exclusive, but limited. Tex. Gov't Code Ann. § 27.031(a)(2); Tex. Prop. Code Ann. § 24.004(a); *see also Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). The county court's appellate jurisdiction over possession is similarly limited. *Rice*, 51 S.W.3d at 708–09.

To prevail in a forcible detainer action, the plaintiff seeking possession is not required to prove title, but is only required to supply sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Thus, a justice court is not deprived of jurisdiction merely because there is a title dispute; it is deprived of jurisdiction only if the right to immediate possession necessarily requires resolution of the title dispute. *Id*.

Glapion does articulate a title dispute.[1] Specifically, Glapion argues that the foreclosure by which appellee claims title was improper and, therefore, cannot support a superior claim to possession. However, because of the tenant-at-sufferance clause in paragraph 18 within the Deed of Trust Glapion executed, quoted above, she does not allege a title dispute that is intertwined with the right to immediate possession. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d

---

[1] We rely upon Glapion's briefs, motions to dismiss, and her arguments below for her allegations of a title dispute inasmuch as Glapion's district court petition against AH4R I TX contesting title is not part of this record.

4

566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *see also Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at \*3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.) (holding that a tenant-at-sufferance clause separates the issue of possession from the issue of title). Glapion agreed to surrender possession as part of the tenant-at-sufferance clause in paragraph 18; Glapion became a tenant at sufferance upon the foreclosure sale. *See Elwell*, 267 S.W.3d at 568. Where the party to be evicted is subject to a tenant-at-sufferance clause, and the party seeking possession purchased the property at a foreclosure sale and gave the plaintiff proper notice, defects in the foreclosure process are not relevant to possession. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.); *Maxwell*, 2013 WL 3580621, at \*3. Here, the court received evidence, without objection, that Glapion agreed to vacate the property upon a foreclosure sale, that Glapion received written notice to vacate, and that AH4R I TX purchased the subject property in foreclosure.

We conclude that the questions of possession and title are not intertwined. We overrule Glapion's first issue.

### *Abatement*

In her second issue, Glapion argues that the trial court erred when, after allowing sixty days for Glapion to complete discovery, the court reversed itself in a hearing held off the record. We conclude Glapion has not preserved this alleged error.

We review a trial court's decision on a plea in abatement for abuse of discretion. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We note that it is well settled that forcible detainer actions and suits

5

regarding title may be maintained simultaneously without the necessity of abatement. *See Rice*, 51 S.W.3d at 710. We note, too, that it is the forcible detainer action that is intended to be a "speedy, simple, and inexpensive means to regain possession of property." *See Salaymeh*, 264 S.W.3d at 437. Thus, on the facts of this case, had Glapion requested and been denied a plea in abatement of the forcible detainer suit, we could not find an abuse of discretion.

Here, however, Glapion urges an error in proceeding to the July 22 trial, which Glapion describes as lifting the abatement. The error Glapion urges emanates from a proceeding on June 24, 2013, when the trial court initially called the matter for trial, described above. After hearing Glapion's motion to dismiss for lack of jurisdiction, the trial court gave Glapion a sixty-day stay to complete "notice" discovery in district court. The record reflects that Glapion expected the answers to her June 14, 2013 discovery upon AH4R I TX within about two weeks. Then, less than thirty days later, on July 22, 2013, the trial court called the matter for trial. Neither the trial court nor the parties mentioned a stay, an abatement, a continuance, or the discovery. The parties tried the case. AH4R I TX introduced its evidence without any objection from Glapion. Of particular significance in light of the prior discovery, Glapion did not urge any objection to AH4R I TX's evidence showing that the Notice to Vacate was sent to Glapion, and Glapion offered no controverting evidence.

The trial court ruling to which Glapion assigns error is simply not of record here. Glapion did not file a motion to stay or abate. Glapion did not seek a continuance of the July 22 trial setting. The record does not suggest that Glapion propounded any discovery in the forcible entry and detainer action. And, thus, the trial court proceeded to trial on July 22, 2013, without any apparent objection or pending request for relief from Glapion. Glapion cannot complain on appeal about

6

errors that are not preserved. Tex. R. App. P. 33.1(a); *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999) (per curiam) (holding that, to preserve error, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling). Further, Glapion failed to present any type of formal bill of exception to make a record of the off-the-record matters about which she complains. Tex. R. App. P. 33.2 ("To complain on appeal about a matter that would otherwise not appear in the record, a party must file a formal bill of exception.").

Without a record or a bill of exception showing that the trial court ruled on some request, objection, or motion to maintain the "abatement" or postpone the trial, either expressly or implicitly, Glapion has failed to preserve error. We overrule Glapion's second issue.

### *Sufficiency of the Evidence*

In issue three, Glapion challenges the sufficiency of the evidence to support the trial court's award of possession to appellee.

As previously outlined, to obtain possession by a forcible detainer action, the party seeking possession following a foreclosure sale must show: (a) a substitute trustee's deed that conveyed the property to it after a foreclosure sale; (b) a deed of trust establishing a landlord–tenant relationship; (c) the party gave proper notice to vacate the premises; and (d) the tenant refused to vacate. *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.). At trial, appellee introduced, without objection, the following exhibits:

1. Substitute Trustee's Deed
2. Deed of Trust
3. Affidavit of Attorney for Plaintiff with attached Notice to Vacate

7

4.  USPS.COM Track & Confirm Status:  Delivered

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review."  *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).  In applying this test, we view the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it.  *Id.*  Glapion challenges that AH4R I TX was a person entitled to possession.  We construe this challenge as one to the conveyance and the landlord-tenant relationship.

The Substitute Trustee's Deed states that GMAC Mortgage, LLC authorized and appointed Anna Sewart as Substitute Trustee.  It states that the Substitute Trustee conducted a public sale after posting notice at the courthouse for at least twenty-one days.  It further states that appellee purchased the subject property at the public sale for $67,201.00.

The Deed of Trust outlines Glapion's obligations as borrower and contains paragraph 18, the tenant-at-sufferance clause.  The clause establishes a landlord-tenant relationship between Glapion and the purchaser at the foreclosure sale.  *See Elwell*, 267 S.W.3d at 568.  The affidavit of Anna C. Sewart, as attorney for AH4R I TX, provides a copy of a letter directed to Glapion at the address of the subject property.  The letter is entitled "Notice to Vacate."  The Notice to Vacate, mailed via certified and regular mail, provides three-days' notice to vacate prior to AH4R I TX's filing a forcible detainer suit.  Sewart also supplied evidence of mailing: a certified receipt (7012 3050 0002 1322 0066) that is signed with the box for "agent" selected.  Finally, the Track & Confirm notice shows status as "Delivered" on the certified reference (7012 3050 0002 1322 0066).

We conclude that this evidence, viewed in the light most favorable to the judgment, is sufficient to show that appellee had a superior right to immediate

8

possession of the subject property.  *See Rice*, 51 S.W.3d at 709.  Glapion's third issue is overruled.

## III.  CONCLUSION

We conclude that the trial court had jurisdiction over this forcible entry and detainer action.  We further conclude that Glapion has failed to establish that the trial court erred in proceeding with trial on July 22, 2013, or in awarding possession of the subject property to appellee.  We affirm the trial court's judgment.


/s/          Sharon McCally
Justice

Panel consists of Justices Christopher, Jamison, and McCally.