**Kenneth KIRCHOFF, Respondent,**

v.

**Mary HUTCHISON and Bethsheba E. Nolan, Appellants.**

**No. ED 98439.**

Missouri Court of Appeals, Eastern District, Division Five.

June 25, 2013.

Jane Ellen Tomich, St. Charles, MO, for appellants.

N. Gregory Beachem, St. Louis, MO, for respondent.

ROBERT M. CLAYTON III, Judge.

The Mary Kirchoff Revocable Trust, Mary M. Hutchison, individually and as trustee and personal representative of the Mary Kirchoff Estate, and Bethsheba E. Nolan, individually and as trustee and personal representative of the Mary Kirchoff Estate (collectively "Defendants"), appeal the judgment of the trial court in favor of Kenneth Kirchoff ("Kirchoff") on his claims of undue influence, rescission, and for a constructive trust. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Vincent Kirchoff ("Father") and Mary Kirchoff ("Mother") each individually owned several acres of land. Throughout Father's life, he and Kirchoff farmed both Mother's and Father's land as partners. In 1977, Father and Kirchoff entered into a formal agreement regarding the farming partnership, granting each party one-half interest in the hogs and the equipment on the farm. Father died in 1989, placing his property in trust. Father named his children, Kirchoff, Bethsheba Elizabeth Nolan ("Nolan") and Mary Margaret Hutchison ("Hutchison") as co-trustees. Father's trust stated it was his intention that the trust be primarily for the benefit of Mother during her lifetime, and upon her death, his estate was to be divided into three equal shares.

When Father died in 1989, Mother began staying more frequently with Nolan. Kirchoff continued farming the land, in partnership with Mother, until 1996, when he began working for a bank. James Nolan, Nolan's son, subsequently started farming some of the land. Around this time, Nolan and Hutchison also began making accusations to Mother against Kirchoff concerning Father's trust, as well as concerning his misappropriation of Mother's farming profits and her personal accounts. A dispute arose between Kirchoff and Hutchison and Nolan regarding the farm equipment, of which Kirchoff owned half. Kirchoff ultimately filed suit to partition the equipment. Thereafter, Mother executed the Mary Kirchoff Revocable Trust and several amendments thereto, ul-

timately excluding Kirchoff as a beneficiary entirely.

Kirchoff filed the instant action, seeking rescission and a constructive trust, and claiming undue influence. The trial court granted judgment in favor of Kirchoff, and the present appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review the trial court's judgment in a court-tried case and we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declares or applies the law. *Watermann v. Eleanor E. Fitzpatrick Rev. Living Trust*, 369 S.W.3d 69, 75 (Mo.App. E.D.2012). We view the evidence and inferences in the light most favorable to the judgment and we disregard all contrary evidence. *Id.* "We defer to the trial court's resolution of conflicts in the evidence and its assessment of witness credibility." *Id.* We will set aside a judgment as against the weight of the evidence only if we have the firm belief the judgment is wrong. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. S.D.2010).

### B. Undue Influence

In their first point on appeal, Defendants claim the trial court erred in entering judgment in favor of Kirchoff because the judgment was against the weight of the evidence. Defendants admit Hutchison and Nolan shared a confidential relationship with Mother and benefited when Mother excluded Kirchoff from inheriting. They further admit there was evidence Hutchison and Nolan had hostility toward Kirchoff and made disparaging comments about him to Mother. However, they argue the weight of other evidence concerning Mother's mental state and personality proves she was not so unduly influenced as to be deprived of her free agency. We disagree.

Undue influence is that influence which by force, coercion, or over persuasion results in the deprivation of a benefactor's free agency. *Watermann*, 369 S.W.3d at 75. There is a presumption of undue influence if substantial evidence shows: (1) the existence of a confidential or fiduciary relationship; (2) that the fiduciary obtained a benefit; and (3) additional evidence to support an inference of undue influence. *Id.* Defendants do not challenge the evidence presented to support the first two elements required to establish a presumption of undue influence. Instead, they challenge only whether there was sufficient additional evidence to support a finding of undue influence.

Here, there was sufficient additional evidence to support the court's finding of undue influence. There was significant testimony concerning Hutchison and Nolan's influence over Mother with respect to her decision to disinherit Kirchoff. Kirchoff testified Hutchison and Nolan used lies, accusations, and manipulation to exclude him from Mother's estate. According to Kirchoff, Hutchison and Nolan accused Kirchoff of wrongdoing and collusion with respect to the administration of Father's estate, as well as mishandling income from the various family farming operations. Kirchoff testified Mother did not deal with any legal or financial matters prior to or following Father's death, and Kirchoff did not believe Mother was sophisticated enough to initiate setting up a trust on her own. Kirchoff expressed his belief that Hutchison and Nolan were manipulating Mother and influencing her decisions with respect to her trust.

Joe Hutchison ("Joe"), Hutchison's former husband, testified at length to the influence he personally witnessed. Joe

was married to Hutchison for thirty-four years, and he acknowledged Hutchison's hostility toward Kirchoff. According to Joe, Hutchison would tell Mother that Kirchoff was stealing from her, and Hutchison would become forceful with Mother. Hutchison "berated" Mother and repeatedly told her she was "stupid." When asked whether he would characterize Hutchison's relationship with Mother as bullying, he responded by saying to characterize it as bullying would be "light." He characterized Hutchinson's demeanor toward Mother as "mean-spirited." Joe opined that Hutchison and Nolan influenced Mother to disinherit Kirchoff. He testified there was constantly tension in the relationship between Mother and Hutchison and Nolan, and he testified that Mother had no choice but to exclude Kirchoff from her estate because she was "under so much pressure" from Hutchison and Nolan.

█ We agree there was conflicting testimony from Edward Grewach, the attorney who prepared Mother's estate documents beginning in 1999, concerning Mother's motives in excluding Kirchoff from her estate. Grewach testified he believed Mother was very definite about what she wanted. He believed she knew what she was doing, and there was no sign of outside influence. Despite this testimony, he did acknowledge it was possible Mother was being influenced and he did not know it. In addition, both Hutchison and Nolan testified they did not discuss trust matters with Mother and did not influence her regarding Kirchoff. There was also testimony from Hutchison, Nolan, and Grewach that Mother excluded Kirchoff from her estate because she was unhappy he had filed a partition suit seeking to divide the farm equipment left to him by Father. However, it is for the trial court to resolve contradictory evidence. *Watermann,* 369 S.W.3d at 75.

The mere presence of contradictory evidence does not result in a conclusion that the trial court's judgment was against the weight of the evidence. Instead, the record demonstrates substantial evidence to support the trial court's finding of undue influence. As a result, the trial court did not err in entering judgment in favor of Kirchoff on the basis of undue influence. Point one on appeal is denied.

## C. Interest Calculation

█ In their second point on appeal, Defendants claim the trial court erred in awarding Kirchoff $61,957.05 in prejudgment interest. According to Defendants, the court improperly calculated the interest beginning in 2007, when the suit was initially filed, which predated Mother's death. Kirchoff responds by arguing Defendants waived their claim concerning the trial court's calculation of interest because they did not object. Nevertheless, Kirchoff concedes the interest was improperly calculated and should have begun on Mother's date of death, which was April 13, 2008, and therefore we review the issue to determine whether the trial court misapplied the law. *See Watermann,* 369 S.W.3d at 75.

█ The purpose of prejudgment interest is to compensate a plaintiff by awarding him the time-value of the money he should have received. *State ex rel. City of Desloge v. St. Francois County,* 245 S.W.3d 855, 862 (Mo.App. E.D.2007). However, prejudgment interest is only allowed upon liquidated claims with ascertainable damages. *Id.* Here, there were no ascertainable damages or liquidated claims concerning Kirchoff's exclusion from Mother's estate until Mother's death on April 13, 2008. Therefore, the trial court erred in awarding Kirchoff prejudgment interest prior to Mother's death.

We reverse the trial court's award of prejudgment interest and remand the cause for recalculation of interest from April 13, 2008 to the date of the judgment, March 5, 2012. Point two on appeal is granted.

### D. Damages for Loss of Use

In their third and final point on appeal, Defendants claim the trial court erred in awarding Kirchoff $43,500.00 in damages for loss of use of land because only a portion of Mother's land was usable farm land. According to Defendants, the evidence showed only 240 usable acres, and therefore, the damages for loss of use should have been calculated based upon 80 acres, or one-third of the 240 usable acres.[1]

Kirchoff responds by again claiming Defendants have waived this claim of error because they did not object at trial and did not present any evidence to contradict Kirchoff's calculation of damages for loss of use. However, Defendants did raise the issue of the erroneous award of damages for loss of use in their motion to vacate or amend the judgment or for a new trial. Defendants also presented conflicting evidence at trial concerning the amount of usable acreage. Therefore, we review Defendants' claim regarding the trial court's calculation of damages for loss of use.

Kirchoff requested damages for four years of crop proceeds on a third of the land he was deprived of for that period. At trial, Kirchoff presented evidence of the average cash rental rates for the years he was deprived of the use of the land. However, as the parties note, there were conflicting statements from witnesses about

the number of tillable acres upon which the court could base its calculation of damages for loss of use. Hutchison testified there were only 240 tillable acres, and James Nolan, Nolan's son who farmed the land, testified there were 218 acres of tillable land with more than 122 acres of woods. Thus, the trial court's determination of damages for loss of use based on a total of 100 acres of usable land was not supported by the evidence. Therefore, we reverse the trial court's award of damages for loss of use, and we remand the cause for retrial on the issue of Kirchoff's damages for loss of use only. *See Cason v. King*, 327 S.W.3d 543, 554 (Mo.App. S.D. 2010) (judgment for damages for loss of use not supported by substantial evidence). Point three on appeal is granted.

### III. CONCLUSION

As a result of the foregoing, we reverse the trial court's judgment with respect to the award of prejudgment interest and damages for loss of use, and we remand the cause for retrial on the issue of loss of use damages only. In all other respects, the judgment of the trial court is affirmed. In addition, Kirchoff filed a motion for attorney's fees on appeal, which was taken with the case. Kirchoff's motion is granted in the amount of $20,000.00. Section 456.10–1004 RSMo (Cum.Supp.2004).

GARY M. GAERTNER, JR., C.J., and ZEL M. FISCHER, SP. J., concur.

---

1. Defendants also claim Kirchoff failed to present evidence of the probable yield, the prevailing price of grain when harvested, the cost of seed and fertilizer, and the cost of threshing and marketing, thus failing to establish his damages for loss of use with reasonable certainty. At trial, Kirchoff claimed damages for the loss of the cash rental value of the land, and therefore, the evidence Defendants argue was lacking was not necessary to establish his damages with reasonable certainty. Instead, Kirchoff presented sufficient evidence at trial of the average cash rental rates for the property for the years he was deprived of use of the land.