

# In the Missouri Court of Appeals
## Eastern District
### NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLA ANN BROUGHTON, ET AL., | ) | No. ED108125 |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | Shelby County |
| vs. | ) | Cause No. 16SB-CC00007 |
| | ) | |
| ESTATE OF ANNA LOIS TYNER, ET AL., | ) | Honorable Frederick P. Tucker |
| | ) | |
| Respondents. | ) | Filed: April 21, 2020 |

## OPINION

Charla Ann Broughton, Theresa Marchelle Schultz, and Cecile Yvonne Gregory ("Cecile") (collectively, "Appellants") appeal the trial court's grant of summary judgment in favor of Dennis Lynn Tyner ("Dennis"), Earl Claude Tyner ("Earl"), and the Estate of Anna Lois Tyner (collectively, "Respondents") on Appellants' claim contesting the will of Anna Lois Tyner ("Testatrix") (the parties' mother) on the grounds that Dennis allegedly exerted undue influence over Testatrix in her execution of that will. Appellants raise two points on appeal. In their first point, Appellants argue that the trial court erred in granting summary judgment in favor of Respondents because "the trial court made multiple factual determinations and inferences in favor of the moving party in that Missouri Law provides that all inferences and factual determinations must be made in favor of the non-moving party…." Appellants further contend that there were genuine issues of material fact in dispute such that the trial court should not have

1

granted summary judgment in Respondents' favor. And in their second point, Appellants assert that the trial court erred in granting summary judgment in Respondents' favor because the court incorrectly considered evidence from outside the summary judgment record. Specifically, Appellants contend that the trial court erroneously considered the deposition of a doctor who completed a post-mortem report of Testatrix; the post-mortem report was part of the summary judgment record.

Finding that there were genuine issues of material fact in dispute and that Respondents were not entitled to judgment as a matter of law on Appellants' undue influence claim, such that summary judgment was inappropriate, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

## I. Factual and Procedural Background

Testatrix, who was predeceased by her husband (the parties' father), passed away on May 19, 2016. Testatrix's effective last will and testament, which was executed on August 29, 2007, directed that, if her husband should predecease her, the parties were to receive all of her property in five equal shares, except that Dennis would have the right to purchase all real estate owned by Testatrix (including her home) at the price of $400.00 per acre. Testatrix's will was admitted to probate on June 16, 2016. Appellants filed their petition asserting five counts relating to Testatrix's will and estate on September 8, 2016; included in those counts was Appellants' claim contesting Testatrix's August 29, 2007 will on the grounds that Testatrix's execution of that will was the result of Dennis's undue influence ("Count I").[1]

Respondents thereafter filed their motion for summary judgment on March 30, 2018, arguing that there were no genuine issues of material fact in dispute and that Respondents were

---

[1] The remainder of Appellants' claims were either settled by the parties or dismissed before or after the trial court granted summary judgment in Respondents' favor on Appellants' Count I.

entitled to judgment as a matter of law on Appellants' Count I. Specifically, in their motion for summary judgment, statement of uncontroverted material facts, and memorandum in support of summary judgment, Respondents argued that there was a complete lack of evidence that Dennis or Earl unduly influenced Testatrix in the execution of her will. In support, Respondents filed the following exhibits: the wills executed by Testatrix and her husband respectively in 2003 and 2007; affidavits by Dennis, Earl, Hon. Mike Greenwell ("Judge Greenwell") (the attorney who prepared both the 2003 and 2007 wills),[2] and Lori Wilt ("Wilt") (Judge Greenwell's then secretary); and depositions of Appellants, Judge Greenwell, and Wilt.

In Appellants' answer to the motion for summary judgment, answer to Respondents' statement of uncontroverted material facts, and memorandum in opposition to summary judgment, they contested much of Respondents' statement of uncontroverted material facts (arguing that several constituted conclusions of law or misstated the evidence in the record), and further argued that whether Dennis had a role in the execution of Testatrix's will and whether Testatrix had diminished mental capabilities such that she was more susceptible to Dennis's undue influence were genuine issues of material fact that were in dispute. In support of their assertion that Testatrix had diminished mental capabilities at the time she executed her will, Appellants also filed as an exhibit a post-mortem report on Testatrix completed by Dr. Suzanne M. King, M.D., ("Dr. King"), in which Dr. King opined that, based on Testatrix's medical records from 2005 to 2016, Testatrix possibly suffered from Alzheimer's dementia as early as 2002-2006. Respondents did not file a reply to Appellants' response.

Appellants stated in their depositions that Dennis had lived with the parties' parents (Testatrix and her husband) for his entire life, had helped take care of their parents' farm and

_____

[2] Judge Greenwell was engaged in the active practice of law as an attorney until 2010, when he was elected to the bench.

house both before and after their parents were no longer able to, and helped pay Testatrix's bills, manage her finances, and attend doctor's appointments, among other tasks in the later years of Testatrix's life. Cecile also stated in her deposition that Testatrix sometimes seemed confused when asked questions and frequently suffered from health complications in the years prior to her death, including colon cancer in and prior to 2008. However, other than statements that Dennis was always around and able to assist the parties' parents, Appellants admitted during their depositions that they had no additional information or evidence indicating that Dennis exerted coercion, force, or overpersuasion over their parents such that the execution of their wills were not at their own volition. Additionally, Judge Greenwell and Wilt both stated in their depositions that they did not recall any indication that Testatrix or her husband were acting at anyone else's behest in executing their wills, and that if either Judge Greenwell or Wilt had suspicion of such, there would have been notes in the case file about it (which there were not) or Judge Greenwell would have had Testatrix and her husband come in for multiple appointments to alleviate that concern (which he did not).

The trial court held a hearing on the summary judgment motion on June 7, 2018. At the hearing, Respondents' counsel emphasized the absence of evidence showing undue influence exerted by Dennis. Additionally, after Appellants' counsel attempted to use Dr. King's report to draw into question Testatrix's mental capabilities at the time she executed the 2003 and 2007 wills, Respondents' counsel referenced a deposition given by Dr. King (at which counsel for all parties was supposedly present) that was not part of the summary judgment record, in which Dr. King somewhat contradicted/clarified her report. The trial court allowed Respondents' counsel to reference that deposition even though it was not part of the summary judgment record because Appellants' counsel had referenced Dr. King's report in an attempt to draw into question whether

4

Testatrix would have been more susceptible to Dennis's undue influence because of her allegedly diminished mental capabilities. Following the hearing, the trial court entered its order granting summary judgment in Respondents' favor on Appellants' Count I. Appellants thereafter appealed the trial court's grant of summary judgment on their Count I to this Court. We dismissed the appeal because there was no final, appealable judgment, as not all parties and claims in the case had been disposed of at that point. The remainder of Appellants' counts were thereafter settled.

This appeal follows.

## II. Standard of Review

Review of summary judgment is *de novo*. *Maher Bros., Inc. v. Quinn Pork, LLC,* 512 S.W.3d 851, 854 (Mo. App. E.D. 2017); *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Co.,* 854 S.W.2d 371, 376 (Mo. banc 1993). "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Cent. Trust and Inv. Co. v. Signalpoint Asset Mgmt., LLC,* 422 S.W.3d 312, 319 (Mo. banc 2014).

> A "defending party" may establish a right to judgment by showing (1) facts that negate any one of the claimant's elements ..., (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Theerman v. Frontenac Bank,* 308 S.W.3d 756, 758 (Mo. App. E.D. 2010) (quoting *ITT Commercial Fin. Corp.,* 854 S.W.2d at 381).

Once a moving party makes a prima facie case that there are no genuine issues of material fact, "[t]he non-movant must show by affidavit, depositions, answer to interrogatories,

or admissions on file, that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed." *Taylor v. Zoltek Cos., Inc.,* 18 S.W.3d 541, 543 (Mo. App. E.D. 2000) (citing *ITT Commercial Fin. Corp.,* 854 S.W.2d at 381); *see also Theerman,* 308 S.W.3d at 758; Rule 74.04(c)(2).[3] "A 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Theerman,* 308 S.W.3d at 758 (quoting *ITT Commercial Fin. Corp.,* 854 S.W.2d at 382). "The record is reviewed in the light most favorable to the party against whom judgment was entered, and the non-movant is given the benefit of all reasonable inferences from the record." *Blumer v. Manes,* 234 S.W.3d 591, 593 (Mo. App. E.D. 2007) (citing *ITT Commercial Fin. Corp.,* 854 S.W.2d at 376).

### III.   Discussion

Appellants raise two points on appeal. In their first point, Appellants argue that the trial court erroneously granted summary judgment in Respondents' favor on Appellants' Count I "because the trial court improperly made multiple factual determinations and inferences in favor of the moving party in that Missouri Law provides that all inferences and factual determinations must be granted in favor of the non-moving party…." Appellants further contend that there were genuine issues of material fact in dispute regarding whether Dennis had a role in the execution of Testatrix's will and whether Testatrix had diminished mental capabilities such that she was more susceptible to Dennis's undue influence. And in their second point, Appellants assert that the trial court erred in granting summary judgment in Respondents' favor on Appellants' Count I because the court improperly considered Dr. King's deposition in granting summary judgment.

---

[3] All references are to Missouri Supreme Court Rules (2018).

"Undue influence ... is usually defined as such overpersuasion, coercion, force, or deception as breaks the will power of the testator or grantor and puts in its stead the will of another." *Estate of Meyer v. Presley,* 469 S.W.3d 857, 864 (Mo. App. W.D. 2015) (quoting *In re Estate of Hock,* 322 S.W.3d 574, 579 (Mo. App. S.D. 2010)). "[A] presumption of undue influence arises when the following elements are present: (1) the existence of a confidential or fiduciary relationship between the settlor and the beneficiary, (2) the beneficiary is given a substantial benefit, and (3) the beneficiary was active in procuring execution of the document conferring the benefit." *Cima v. Rhoades,* 416 S.W.3d 320, 324 (Mo. App. E.D. 2013); *see also Kirchoff v. Hutchison,* 403 S.W.3d 109, 112 (Mo. App. E.D. 2013) (stating that a presumption of undue influence arises where there is "(1) the existence of a confidential or fiduciary relationship; (2) that the fiduciary obtained a benefit; and (3) additional evidence to support an inference of undue influence"). Once it has been established that there was a confidential relationship and a beneficiary is given a substantial benefit, "courts take a very liberal attitude toward the quantum of proof necessary to establish that the fiduciary was actively concerned in some way which caused or contributed to the execution of the will." *Allee v. Ruby Scott Sigears Estate,* 182 S.W.3d 772, 783 (Mo. App. W.D. 2006).

Our courts have recognized that we analyze whether there is sufficient evidence of undue influence on a case-by-case basis, as the exercise of undue influence is often proven by circumstantial evidence. *Nestel v. Rohach,* 529 S.W.3d 841, 845 (Mo. App. W.D. 2017); *Duerbusch v. Karas,* 267 S.W.3d 700, 708 (Mo. App. E.D. 2008). "Persons exerting undue influence will do so in as subtle, furtive, indirect and elusive a manner as possible and such influence may therefore be shown indirectly by the reasonable and natural inferences drawn from the facts and circumstances proved." *Nestel,* 529 S.W.3d at 845 (quoting *Duerbusch,* 267 S.W.3d

at 708). For this reason, summary judgment is rarely appropriate in cases involving proof of undue influence, as elusive facts demonstrating undue influence must nearly always be proven by circumstantial evidence. *Blumer,* 234 S.W.3d at 593; *Brentwood Glass Co., Inc. v. Pal's Glass Srvc., Inc.,* 499 S.W.3d 296, 303–04 (Mo. banc 2016) ("When the merits of a claim rests on disputes 'of elusive facts such as intent, motive, fraud, duress, undue influence, mental capacity and the like' then 'summary judgment is seldom appropriate.'") (quoting *Crow v. Crawford & Co.,* 259 S.W.3d 104, 113 (Mo. App. E.D. 2008)).

In this case, we find that the evidence in the record before the trial court and reasonable inferences therefrom viewed in the light most favorable to Appellants are sufficient to show that there are genuine issues of material fact and that Respondents are therefore not entitled to judgment as a matter of law on Appellants' undue influence claim. *See Theerman,* 308 S.W.3d at 758. The trial court record suggests that Dennis had a confidential relationship with Testatrix (as Testatrix trusted and relied on Dennis to handle several matters, including her financial affairs) and derived a benefit from the will that the other beneficiaries did not (the option to purchase Testatrix's property), and Appellants' descriptions of the circumstances in this case that they provided in their depositions support an inference of undue influence. *See Kirchoff,* 403 S.W.3d at 112; *Cima,* 416 S.W.3d at 324 (explaining when a presumption of undue influence arises). As our Court detailed in *Blumer v. Manes,* 234 S.W.3d 591 (Mo. App. E.D. 2007), where we also reversed the trial court's grant of summary judgment in defendants' favor on the appellant-plaintiff's undue influence claim, Missouri courts have often applied the following factors in determining whether undue influence has been exerted over a testator:

> (1) the mental and physical condition of the testator; (2) evidence of power and opportunity to influence the testator by the beneficiary; (3) whether the will makes an unnatural disposition of property; (4) whether the bequest constitutes a change

8

from a former will; (5) the hostile feelings of the beneficiary toward an expected recipient; (6) remarks of the beneficiary derogatory of the contestant; and (7) actions of the beneficiary in discouraging others from visiting the testator.

*Blumer,* 234 S.W.3d at 594 (citing *Disbrow v. Boehmer,* 711 S.W.2d 917, 925 (Mo. App. E.D. 1986)); *see also Allee,* 182 S.W.3d 780 (listing a similar set of factors). Here, Appellants' responsive pleadings to Respondents' motion for summary judgment combined with Appellants' depositions show that Testatrix's allegedly diminished mental and physical capabilities (as Testatrix sometimes seemed confused when asked questions and frequently suffered from health complications in the years prior to her death, including colon cancer in and prior to 2008), Dennis's power and opportunity to influence Testatrix, and the will making an unnatural disposition of Testatrix's real property (in that it was an exception to the five equal shares of Testatrix's other property that the parties would receive) are all factors present here that could support an inference that Dennis exerted undue influence over Testatrix. *See Blumer,* 234 S.W.3d at 594; *Kirchoff,* 403 S.W.3d at 112; *Cima,* 416 S.W.3d at 324. Thus, although there is no direct evidence in the summary judgment record of Dennis exerting undue influence over Testatrix, reasonable inferences drawn from the circumstances described by Appellants in their depositions and argued in their responsive pleadings to the motion for summary judgment sufficiently establish that there are genuine issues of material fact in dispute regarding Appellants' undue influence claim. *See Blumer,* 234 S.W.3d at 594; *Nestel,* 529 S.W.3d at 845; *Duerbusch,* 267 S.W.3d at 708.

Considering the summary judgment record before the trial court and summary judgment precedent in the context of undue influence claims, we find that the trial court's grant of summary judgment in Respondent's favor on Appellants' Count I was inappropriate.

Particularly important in this case are the considerations that "[t]he [summary judgment] record is reviewed in the light most favorable to the party against whom judgment was entered, and the non-movant is given the benefit of all reasonable inferences from the record," *see Blumer,* 234 S.W.3d at 593, "courts take a very liberal attitude toward the quantum of proof necessary to establish that the fiduciary was actively concerned in some way which caused or contributed to the execution of the will" when it has been established that a confidential relationship existed and a beneficiary was given a substantial benefit, *see Allee,* 182 S.W.3d at 783, and facts proving undue influence almost always derive from inferences drawn from circumstantial evidence, *see Nestel,* 529 S.W.3d at 845. Appellants' first point on appeal is granted. As our conclusion on Appellants' first point is dispositive of their second point, we do not address it.

## IV.    Conclusion

We find that there were genuine issues of material fact in dispute and that Respondents were not entitled to judgment as a matter of law on Appellants' claim contesting Testatrix's will on the grounds that Dennis exerted undue influence over Testatrix. We therefore reverse the trial court's grant of summary judgment in Respondents' favor on Appellants' Count I and remand for proceedings consistent with this opinion.

_____
Colleen Dolan, Chief Judge

Gary M. Gaertner, Jr., J., concurs.
Philip M. Hess, J., concurs.

10